Cleveland FORDE, Plaintiff-Appellant,

v.

KEE LOX MANUFACTURING COMPANY, INC., Defendant,

and

Burroughs Corporation, Defendant-Appellee.

No. 837, Docket 77–7510.

United States Court of Appeals, Second Circuit.

Argued May 5, 1978.

Decided Aug. 28, 1978.

Emmelyn Logan-Baldwin, Rochester, N. Y. (Richard H. Burr, III, Rochester, N. Y., of counsel), for plaintiff-appellant.

Gerald L. Paley, Rochester, N. Y. (Gary E. Murg, Detroit, Mich., David A. Stern, Nixon, Hargrave, Devans & Doyle, Roches-

ter, N. Y., of counsel), for defendant-appellee.

Raj K. Gupta, E. E. O. C., Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Charles L. Reischel, Assistant Gen. Counsel, E. E. O. C., Washington, D. C., of counsel), for the Equal Employment Opportunity Commission as amicus curiae.

Before MULLIGAN and MESKILL, Circuit Judges, and PORT,* District Judge.

MESKILL, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of New York, John T. Curtin, Chief Judge, granting summary judgment and dismissing a Title VII action against Burroughs Corporation. 437 F.Supp. 631 (W.D.N.Y.1977).

The material facts are not in dispute. From November 4, 1952, until his termination on December 30, 1974, Cleveland Forde was employed in Rochester, New York, by Kee Lox Manufacturing Company, Inc., a manufacturer of carbon paper, typewriter ribbons, ditto masters and related products. On December 19, 1974, Kee Lox filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701–799. On August 12, 1976, Kee Lox was adjudicated a bankrupt under Chapter X of the Bankruptcy Act, 11 U.S.C. §§ 501–676. On August 14, 1976, Kee Lox terminated all of its employees and discontinued operations.

In September, 1976, Burroughs purchased most of the non-cash, non-personal assets of Kee Lox from the trustee in bankruptcy "free and clear of liens, including tax liens, if any, claims, encumbrances, demands and rights of creditors, or any other person," all in accordance with an order of the Bankruptcy Court.

On October 12, 1976, Forde filed this action against Kee Lox and Burroughs, based on Kee Lox's alleged employment discrimination. Forde proceeded against Burroughs on the theory that Burroughs is a successor employer in that it plans to continue the Kee Lox business without substantial interruption or change in the plant's operations.

Burroughs moved for summary judgment, claiming that there was no dispute as to any material issue of fact, Fed. R. Civ. P. 56(c), and that it was entitled to judgment in its favor on the law because (1) Burroughs obtained its interest through the Bankruptcy Court, free and clear of any claims and therefore cannot be held liable for any employment discrimination by Kee Lox, (2) Burroughs is not a successor to Kee Lox and cannot be held liable for its acts, and (3) plaintiff failed to file a charge against Burroughs with the EEOC as required by 42 U.S.C. § 2000e–5(f)(1), a jurisdictional defect requiring dismissal.

The district judge felt that his ruling in Burroughs' favor on the first ground rendered consideration of the other two grounds unnecessary. He concluded that "[s]ince Burroughs purchased the Kee-Lox assets at a liquidation sale which by its express terms was free of all claims, the plaintiff cannot assert his Title VII claim against Burroughs." 437 F.Supp. at 635.

We affirm the judgment below, but for a different reason than the one relied on by the district judge.[1] The undisputed facts of this case demonstrate that Burroughs is not a successor to Kee Lox, and therefore there is no basis for plaintiff's claim against Burroughs. We express no view on the reasoning of the court below.

For an employer to be considered a successor there must be "substantial continuity of identity in the business enterprise before and after a change." *John Wiley &*

---

*Hon. Edmund Port, Senior District Judge of the Northern District of New York, sitting by designation.

1. "In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 158, 82 L.Ed. 224 (1937).

*Sons v. Livingston,* 376 U.S. 543, 551, 84 S.Ct. 909, 915, 11 L.Ed.2d 898 (1964); *see E.E.O.C. v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1089 (6th Cir. 1974). There must also be "substantial continuity in the identity of the work force across the change in ownership." *Howard Johnson Co. v. Detroit Local Joint Executive Board,* 417 U.S. 249, 263, 94 S.Ct. 2236, 2244, 41 L.Ed.2d 46 (1974). Burroughs' operation in Rochester hardly qualifies for successor status. Kee Lox ceased its business operation in Rochester on August 14, 1976. Pursuant to an order of the Bankruptcy Court, Burroughs, Kee Lox and the trustee in bankruptcy entered into an agreement whereby Burroughs purchased the manufacturing facility and building, real property, equipment and personal property, patents, trademarks, leases, ink formulations, coupons, inventory, contracts and orders, licenses and permits and certain agreements. Under that purchase agreement Burroughs did not acquire the employees, union contracts, monies, employment agreements, benefits, corporate structure, leases, contracts, copy machine or customer lists. Furthermore, on the day of purchase, Burroughs transferred to Frye Copysystems, Inc., an independent corporation, all letters of patent, all applications for letters of patent, registered trademarks, trade names and methods of production and certain other assets.

On November 19, 1976, the day that the motion for summary judgment was filed, there was no business activity being conducted at Kee Lox's former facilities in Rochester, and, except for one supervisory employee, Burroughs had not employed any former Kee Lox employees. Those employees of Kee Lox who were subsequently employed by Burroughs acquired their jobs on a competitive basis. Burroughs did not begin recruiting employees for the purchased facilities until December, 1976, some three and one-half months after business operations ceased there. J. Roy Henry, Burroughs' Vice President, said in his affidavit that the company intended to expand its own operations into the purchased facility and to produce its own business supply products and to employ different methods of production and produce substantially different products from those previously produced by Kee Lox. Only four of the twelve products formerly produced by Kee Lox would be produced at the purchased facility and those four have long been manufactured by Burroughs.

The NLRB found Burroughs not to be a successor for collective bargaining purposes. While not conclusive, the finding by the Regional Director of the NLRB that no grounds existed to issue a complaint on the basis of the charges presented by the union coincides with our conclusion that the factors necessary to make Burroughs a successor are absent here. The proof before the Regional Director and his investigation indicated that fewer than a majority of the Burroughs work force at the Rochester plant were Kee Lox employees, that Burroughs used the facilities purchased from the trustee in bankruptcy to continue to produce the same items that it had produced prior to such acquisition and that only four of the items formerly produced by Kee Lox were also produced by Burroughs.

In view of our disposition, we need not consider whether Burroughs had notice of Forde's Title VII claim, nor Forde's claim that he had no notice that the sale was being made free and clear of his claim.

Affirmed.