**Millard P. BURT, Plaintiff,**

v.

**RAMADA INN OF OXFORD, MISSISSIPPI, Defendant.**

**No. WC 80–3–OS–P.**

United States District Court, N. D. Mississippi, W. D.

Dec. 3, 1980.

Leonard McClellan, North Miss. Rural Legal Services, Oxford, Miss., for plaintiff.

V. Glen Alderson, Oxford, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice was set for hearing on defendant's motion for summary judgment at 2:00 P.M., on December 1, 1980, at the United States Courthouse in Aberdeen, Mississippi. Before the time for the hearing, counsel for the parties notified the court of an agreement to submit the case without oral argument and on the record as reflected by the jacket file.

After a consideration of the matter, the court is of the opinion that the motion is well taken and should be sustained as hereinafter stated.

The pleadings, answers to interrogatories, and admissions on file, together with the affidavits submitted by the parties, reflect the following undisputed facts:

1. The motel (hereinafter referred to as the "Inn") situated in the City of Oxford, Mississippi, now owned by Chan Yu Chen, has been operated, since its construction in or about 1975, under the trade or franchise name "Ramada Inn". The "Ramada Inn, Oxford, Mississippi" is a trade name only, and not a legal entity.

2. On October 11, 1979, pursuant to a Sales Contract executed September 21, 1979, the Inn was conveyed by Warranty Deed executed by Frank B. Nelson, R. Thomas Nelson, Tommy R. Otis, Donald R. Peters and Richard O. Wikert to Chan Yu Chen, an individual.

3. The land records of Lafayette County, Mississippi, reflect changes in the ownership in the Inn as follows:

A. By deed dated December 30, 1975, E. Frank Goodman conveyed the Inn to Liberty Savings & Loan Association.

B. By deed dated July 25, 1977, Liberty Savings & Loan Association conveyed the Inn to Depositors Savings Association.

C. By deed dated July 26, 1977, Depositors Savings Association conveyed the Inn to Reese Senter, James C. Blanton, Gene Blanton, Joe Hudspeth and Bryan Nelson.

D. By deed dated July 26, 1977, Depositors Savings Association conveyed the Inn to SBNH, Inc.

E. By deed dated August 17, 1978, SBNH, Inc., conveyed the Inn to Frank B. Nelson, R. Thomas Nelson, Tommy R. Otis, Donald R. Peters and Richard O. Wikert.

F. By deed dated October 11, 1979, Frank B. Nelson, R. Thomas Nelson, Tommy R. Otis, Donald R. Peters, and Richard O. Wikert conveyed the Inn to Chan Yu Chen.

Plaintiff alleges in his complaint and states in his supporting affidavit, that he began working at the Inn in January, 1976, in the maintenance department, as a maintenance employee; that after working for several months, he was given orders by the Inn Manager to start washing windows and picking up garbage from the grounds; that plaintiff refused to perform these assignments because they were not included in the position of maintenance employee; that shortly thereafter, plaintiff was told by the Inn Manager that he was being fired because there was no work for him to do.

On April 12, 1976, plaintiff filed a charge of discrimination on the basis of race, he being a member of the black race, with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). Plaintiff received a Notice of Right to Sue from EEOC on October 21, 1979.

The record reflects that the charges filed with EEOC named "Ramada Inn" as the employer, and charged it with discriminating against plaintiff on the basis of race in its employment practices.

At the time of plaintiff's employment at the "Ramada Inn", the land records of the county reflect that the Inn was owned by the Liberty Savings & Loan Association. Thereafter, on July 25, 1977, the Liberty Savings & Loan Association conveyed the Inn to Depositors Savings Association who conveyed the same, the next day, July 26, 1977, to James C. Blanton, Gene Blanton, Joe Hudspeth and Bryan Nelson. These parties retained ownership of the property until August 17, 1978, when they conveyed it to Frank B. Nelson, R. Thomas Nelson, Tommy R. Otis, Donald R. Peters, and Richard O. Wikert. It was not until October 11, 1979, that the present owner, Chan Yu Chen, assumed the ownership and operation of the Inn.

The contract which was made by Chan Yu Chen to purchase the Inn from Frank B. Nelson, et al, contains the following provision:

All accrued salaries, vacation pay, bonuses or any other remuneration owed to employees are the obligation of the Sellers prior to closing and Purchaser's thereafter.

At the time Chan Yu Chen purchased the property and commenced the operation of the Inn, Chan Yu Chen did not know that plaintiff had previously worked at the Inn or that he had filed the charge of racial discrimination. A period of more than three years intervened between the time plaintiff was discharged by a former owner and the time Chan Yu Chen acquired the property and began to operate the Inn.

The record reflects that at the time Chan Yu Chen purchased the Inn there was only one person working there, who was employed at the Inn when plaintiff's employment was terminated. The others, approximately 31 in number, had been terminated or quit for one reason or another.

The decisional law supports the theory that a successor company can be held liable for the unlawful employment practices of a predecessor in interest. However, this is true only where the facts involved justify such a holding. Each case must be decided on the facts peculiar to the case under consideration. *Equal Emp. Op. Com'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1090 (2d Cir. 1974).

It is well recognized that "[F]or an employer to be considered a successor there must be 'substantial continuity of identity in the business enterprise before and after a change'". *Forde v. Kee Lox Mfg. Co., Inc.*, 584 F.2d 4, 5 (2d Cir. 1978).

Here, it is shown that at least three groups of individuals owned the Inn between the date of termination of plaintiff's employment and the date upon which Chan Yu Chen purchased the Inn, October 11, 1979, and, that his purchase was without knowledge that any employment discrimination charge had been filed against any of the prior owners.

Under these circumstances, the court finds that Chan Yu Chen is not liable to plaintiff for any claim which he might have against previous owners of the Inn.

The court has not considered the question raised by Chan Yu Chen that the named defendant "Ramada Inn of Oxford, Mississippi" is not a legal entity. It is unnecessary for the court to do so.

The court will enter an order sustaining the motion for summary judgment.