CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, a pension trust, et al., Plaintiffs,

v.

TASEMKIN, INC., an Illinois corporation, Defendant.

No. 94 C 2801.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 15, 1994.

David S. Allen and Joseph M. Burns, Jacobs, Burns, Sugarman, Orlove & Stanton, Chicago, IL, for plaintiffs.

Harvey Joel Barnett, Martin D. Tasch, Michael S. Blazer and John Alden Fritchey, IV, Barnett, Bornstein & Blazer, Ltd., Chicago, IL, for defendant.

*MEMORANDUM OPINION AND ORDER*

ASPEN, District Judge:

Plaintiff Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund, et al. bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Presently before the court is defendant Tasemkin, Inc.'s motion to dismiss. For the reasons set forth below, Tasemkin's motion is granted.

**I. Background**

The plaintiff Funds bring this action to collect delinquent contributions and withdrawal liability allegedly owed by Tasemkin Furniture Company, Inc. ("Old Tasemkin"). Pursuant to a collective bargaining agreement, Old Tasemkin was required to make

pension and health and welfare contributions to both Funds. However, on May 6, 1991, Old Tasemkin filed a reorganization petition pursuant to Chapter 11 of the Bankruptcy Code. Old Tasemkin's bankruptcy triggered the withdrawal liability provisions of ERISA, and the Funds asserted a claim of $280,842.79.

On July 18, 1991, Tasemkin Inc. ("New Tasemkin") was incorporated for the purpose of obtaining the assets of Old Tasemkin. New Tasemkin subsequently acquired the security interest of Northern Trust Company, Old Tasemkin's secured lender. On March 16, 1992, Old Tasemkin's case was converted to a Chapter 7 liquidation; on March 20, the bankruptcy court lifted the automatic stay and allowed New Tasemkin to foreclose on its collateral, thereby obtaining Old Tasemkin's assets. Old Tasemkin's bankruptcy case was closed on April 20, 1992. The Funds received no distribution on their claims.

## II. Motion to Dismiss Standard

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

## III. Discussion

In their lawsuit, the plaintiff Funds maintain that, as a successor corporation, New Tasemkin is liable for the debts of Old Tasemkin. While New Tasemkin admits that "it is conceivable that the Pension Fund's Complaint might, under different circumstances, state a claim for successor liability,"

New Tasemkin maintains in its present motion that Old Tasemkin's intervening bankruptcy precludes application of that doctrine. As the Funds acknowledge, this assertion has considerable support in the case law. *See, e.g., Forde v. Kee–Lox Mfg. Co.,* 437 F.Supp. 631 (W.D.N.Y.1977), *aff'd on other grounds,* 584 F.2d 4 (2nd Cir.1978); *In re All American of Ashburn, Inc.,* 56 B.R. 186 (Bankr. N.D.Ga.1986); *In re New England Fish Co.,* 19 B.R. 323 (Bankr.W.D.Wash.1982). As the court in *All American* noted,

> [there are] two policies against allowing successor liability to follow bankruptcy sales. The first is that if a plaintiff asserts a claim grounded on successor liability after a bankruptcy sale, he, in effect, receives a priority over those claims which were paid in accordance with the Bankruptcy Code. The result is that successor liability theory would rearrange the priority scheme established by the Bankruptcy Code. The other reason is the negative impact that potential successor liability claims would have on the trustee's ability to sell assets of the estate at a fair price.

*All American,* 56 B.R. at 190 (citations omitted). Because we agree that the above considerations justify preclusion of successor liability under these circumstances, we grant New Tasemkin's motion to dismiss.

In *Nathanson v. NLRB,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), the Supreme Court articulated the importance of the priority scheme established by the Bankruptcy Code. Noting that Congress had carefully considered the priority to be accorded to each type of claim, and the extent thereof, the Court concluded that "if one claimant is to be preferred over others, the purpose should be clear from the statute." *Id.* at 29, 73 S.Ct. at 83. Were we to accept plaintiffs' argument, however, this fundamental principle would be undercut. That is, plaintiffs had an opportunity to file their claims in the bankruptcy court, and were thus subject to the priority scheme established in the Code. They ultimately recovered nothing on their claims. Dissatisfied with that result, the Funds now seek to collect *full* payment of

their claims from New Tasemkin, solely on the basis that New Tasemkin is a successor to Old Tasemkin. The result, however, would be that the Funds' claims would be elevated above every other creditor who was not paid in full. Indeed, if the Funds were allowed to pursue their present action, Old Tasemkin's other creditors would likely be able to bring lawsuits against New Tasemkin under various formulations of the successor liability doctrine, thus effectively decimating the provisions and purpose of the Bankruptcy Code.[1] *See New England Fish Company,* 19 B.R. at 328 ("To hold as contended for by claimants would effectively implement a value judgment, or interpretation, that it was the intention of Congress for certain creditor or claimant constituencies to be accorded a higher priority than any set forth in the Code.... Such a result would be contrary to *Nathanson v. NLRB, supra.*"). Absent a clear statutory indication to the contrary, we simply will not allow the court-created doctrine of successor liability to preempt the congressionally enacted priority scheme of the Bankruptcy Code.[2]

As stated, the Funds concede that there exists support in the case law for the above conclusion; indeed, they are unable to cite any cases which, when directly presented with this issue, reach a different result. Instead, the rely upon the Seventh Circuit's recent opinion in *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159 (7th Cir.1994). In that case, Zerand, the purchaser of a debtor's assets, requested that the bankruptcy court enjoin a products liability claim which had been brought against it on a theory of successor liability after the bankruptcy proceedings were completed. Although the sale agreement had included a provision which authorized the bankruptcy court to enjoin such actions, and the bankruptcy court itself had approved the sale and "reserve[d] jurisdiction to enforce the Agreement herein approved in accordance with its terms and conditions," the bankruptcy court concluded that it lacked jurisdiction over Zerand's action. The district court affirmed, and Zerand appealed.

The issue before the court was thus limited to the jurisdictional question: did Zerand's injunction claim "relate" to the bankruptcy proceeding or "arise under" the Bankruptcy Code, and therefore fall within the jurisdiction on the bankruptcy court.[3] The Seventh Circuit concluded that Zerand's action met neither of these requirements, and thus af-

---

**1.** The Funds, however, contend that this reasoning itself runs contrary to Section 524(e) of the Bankruptcy Code, as do the decisions which have advanced it. Section 524(e) of the Code provides:

> Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(e). The application of this section, however, has generally been limited to actions against guarantors and co-debtors, as the cases cited by plaintiffs indicate. *See Latham v. Wells Fargo Bank, N.A.,* 896 F.2d 979, 984 (5th Cir.1990) (guarantor); *In re Sandy Ridge Development Corp.,* 881 F.2d 1346, 1350–51 (5th Cir. 1989) (guarantors); *Union Carbide Corp. v. Newboles,* 686 F.2d 593, 595 (7th Cir.1982). We have been unable to find any authority, and the Funds have not offered any, holding that this provision justifies the imposition of a bankrupt's liabilities against a successor; this is unsurprising, since the successor essentially holds the *debtor's* liability (which is discharged), and not the independent liability of a guarantor or codebtor. For these reasons, we find the Fund's argument unpersuasive.

**2.** Plaintiffs also suggest that, because New Tasemkin obtained Old Tasemkin's assets through foreclosure, rather than by a Code sale "free and clear" of liens pursuant to 11 U.S.C. § 363(f) as in the cases cited, those assets were not "cleansed," and were thus not immunized against a successor liability suit. However, it is not Section 363(f) which dictates the result we reach. Rather, this result is based upon the primacy of the Bankruptcy Code, and the threat posed by application of the successor liability doctrine to the orderly distribution system established in that Code.

**3.** Indeed, the Seventh Circuit itself characterized the issue presented as follows:

> This appeal requires us to consider the power of a bankruptcy court to enjoin proceedings in other courts after the completion of the bankruptcy proceeding.

*Zerand,* 23 F.3d at 160.

firmed the lower courts. In dicta, however, the court also suggested that bankruptcy might not preclude a subsequent suit based upon successor liability. *Id.* at 163. The Funds ask that we follow this language, and deny New Tasemkin's motion to dismiss. We decline to do so for several reasons.

First, the issue was neither directly presented to, nor necessary to the decision of, the *Zerand* court. Furthermore, in its opinion, the court did not cite, discuss, or even acknowledge the well-established body of case law reaching a conclusion contrary to its statements. The *Zerand* court's comments are therefore dicta in its purest sense. *See* Black's Law Dictionary 454 (6th ed. 1990). Second, the cause of action of the party to be enjoined in *Zerand* arose after the bankruptcy was completed; he was injured by the debtor's machine over three years after the sale of assets, and over two years after approval of the reorganization plan. As a result, he was unable to participate in the bankruptcy proceedings, and was not accounted for in the distribution of the debtor's estate. This factor may well have motivated the *Zerand* court's concerns. *See, e.g., In re Mooney Aircraft, Inc.,* 730 F.2d 367 (5th Cir.1984) (bankruptcy court can not approve sale of assets free and clear of claims which may arise in future, only of those in existence at time of sale). Finally, even within the court's dicta, its primary focus remained the jurisdictional issue. It phrased its comments in terms of the bankruptcy court's power (or lack thereof) to enjoin future lawsuits against purchasers of the debtor's assets, and concluded that if Zerand had a legitimate defense to the successor liability claim, "[it] would have to interpose its defense in the [products liability] suit. It could not go to the bankruptcy court for relief." *Zerand,* 23 F.3d at 163. *See also id.* at 161 ("Not content to defend in the Pennsylvania district court, Zerand filed an adversary complaint in the bankruptcy court in Chicago...."). For these reasons, we conclude that we are not bound by the court's decision in *Zerand,* and therefore embrace instead the reasoned holdings of *Forde, All American of Ashburn,*

*Inc.,* and *In re New England Fish Co.* Accordingly, we conclude that Old Tasemkin's bankruptcy precludes application of the successor liability doctrine, and therefore dismiss the Funds' complaint.

## IV. Conclusion

For the reasons set forth above, defendant Tasemkin Inc.'s motion to dismiss is granted. It is so ordered.