SOLOMON, Irwin as Trustee of the I.L.G.
W.U. National Retirement Fund, and as
Trustee of the I.L.G.W.U. Health Services Plan, and Gordon, Isaac, Trustee
of the Northeast Department I.L.G.
W.U. Health & Welfare Fund, Appellants,

v.

KLEIN, Don S. an Individual A.J.I.D.,
Inc. t/a Hilltop Manufacturing
Co., Inc.

No. 84–1762.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Aug. 5, 1985.

Decided Aug. 14, 1985.

Eric B. Chaikin, Stanley L. Goodman, Chaikin & Chaikin, P.C., Philadelphia, Pa., for appellants.

Peter S. Steinberger, Clayton T. Hyman, Hyman, McCarthy & Engel, Allentown, Pa., for appellee.

Before ALDISERT, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

This appeal requires us to decide whether the holder of 50 percent of the stock of a company who was also the president and chief executive officer can be held personally liable for unpaid amounts due a retirement fund pursuant to a collective bargaining agreement between the corporation and the union. The parties have stipulated "that there is no basis for the Plaintiff to proceed on a theory that the corporate veil should be pierced." App. at A–66. In interpreting the statute, the district court held that Congress did not intend to expose corporate officers to personal liability for violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* (ERISA). We affirm.

### I.

The trustees of the retirement funds brought this action against A.J.I.D., Inc., and a corporate officer, Don S. Klein to recover delinquent payments to the fund. The parties agreed that the corporation was liable and summary judgment was entered in behalf of the trustees against the corporation. The sole question in the limited posture before us is whether Klein is also liable.

### II.

In this appeal, the trustees of the fund argue that Klein can be held liable simply because he managed and directed all of the corporation's financial, production, other business activities, and acted for the corporation in all matters related to employee benefit plan funds, including payroll audits, calculation of contributions, making payments to the employee benefit funds, signing checks, paying the bills and dealing on behalf of the corporation directly with the employment benefit plans. In its brief before us, the trustees concede that the issue in this case is not "whether Courts can pierce the corporate veil under ERISA and hold officers who are corporate *alter egos* liable for corporate delinquencies." App. at 9 n. 3a.

■ Because the issue before us is whether Klein was entitled to summary judgment, as a matter of law, our review is plenary. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573–74 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

### III.

Under ERISA, "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan ...." 29 U.S.C. § 1002(5). The term "person," as defined, does not include corporate officers, but does include "an individual, partnership, joint venture, corporation, mutual company, ...." 29 U.S.C. § 1002(9).

The trustees rely on an argument by analogy. They ask us to draw a relationship between the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (FLSA), and ERISA. They rely principally on *Donovan v. Agnew,* 712 F.2d 1509 (1st Cir. 1983), which upheld the imposition of personal liability for unpaid wages under the FLSA. An employer is defined under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). The FLSA defines "person" as "an individual, partnership, association, corporation, business trust...." 29 U.S.C. § 203(a).

■ We are not impressed by appellants' argument. Had they proceeded on an alter ego basis our inquiry would be different. There, we would apply the following factors which we have deemed relevant in determining when to pierce the corporate veil: the failure to observe corporate for-

malities; non-payment of dividends; the insolvency of the debtor corporation at the time; siphoning of funds of the corporation from the dominant stockholder; nonfunctioning of other officers or directors; absence of corporate records; and the fact that the corporation is merely a facade for the operation of the dominant stockholder or stockholders. *United States v. Pisani,* 646 F.2d 83, 88 (3d Cir.1981); *see also DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681 (4th Cir.1976).

■ In the limited confines of this case, therefore, which specifically does not involve an inquiry into alter ego, all that we are required to determine is whether under concepts of statutory construction of ERISA we should conclude that Congress intended that corporate officers or large stockholders could be held liable for a corporation's violation of ERISA. Like the district court, we are impressed by the reasoning of Chief Judge Teitelbaum in *Combs v. Indyk,* 554 F.Supp. 573 (W.D.Pa. 1982), in which trustees of union health and retirement funds brought an action under § 301 of the LMRA, 29 U.S.C. § 185(a), against officers of a corporate signatory to a collective bargaining agreement to recover delinquent contributions the corporation was obligated to make to the funds under the agreement. After holding that no § 301 claim was properly stated against the individual defendants, the court held that the analysis of the ERISA claim compelled a similar conclusion:

> Section 515 of ERISA, as added by section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145, mandates contributions by employers in accordance with their obligations under multiemployer plans or collectively bargained agreements. Section 502 of ERISA, 29 U.S.C. § 1132, authorizes a fiduciary to redress violations of ERISA. The findings made above with respect to the imposition of section 301 liability on these defendants are equally applicable to a consideration of the imposition of section 515 liability: Monroe

was the signatory employer obligated to make contributions to the fund and there are no allegations that its corporate identity was not maintained; that corporate officers are employers under a state statute is unpersuasive. Plaintiffs rely on ERISA's inclusion within its definition of employer of "any person acting ... indirectly in the interest of an employer," 29 U.S.C. § 1002(5), as an additional basis for arguing that corporate officers are employers under ERISA. Defendants counter with ERISA's omission of officer from its definition of person; person is defined as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization," 29 U.S.C. § 1002(9). Defendants' position is well-taken. There is no indication that Congress intended to expose corporate officers to liability for their employers' violations of ERISA; in fact, the exclusion of corporate officers from the extensive enumeration of persons points in the opposite direction. For the foregoing reasons the Court concludes that no ERISA claim has been stated against the defendants.

554 F.Supp. at 575.

### IV.

Moreover, we find nothing in the legislative history to indicate that Congress intended to impose a personal liability on a shareholder or a high-ranking officer of a corporation for ERISA contributions owed by the corporation. Appellants rely primarily on the analysis in *Massachusetts State Carpenters Pension Fund v. Atlantic Diving Co.,* Civ. No. 83–2872 (D.Mass. October 12, 1984). We are not impressed by the Massachusetts district court's analysis. It relied not on the interpretation of the ERISA statute but on the Fair Labor Standards Act and precedents of the First Circuit.

### V.

■ The method of analogy is, of course, a legitimate method of reaching a decision.

But in matters of statutory construction of ERISA our responsibility is to ascertain the intention of Congress in ERISA and not its intention in enacting a separate federal statute.

The judgment of the district court will be affirmed.