Carl SCARBROUGH, Plaintiff,

v.

PEREZ, INC. and Peter
Perez, Defendants.

No. 85–3033 GB.

United States District Court,
W.D. Tennessee, W.D.

March 27, 1987.

Andrew Irving, New York City, Lynn
Agee, Deborah Godwin, Memphis, Tenn.,
for plaintiff.

William L. Kohn, South Bend, Ind., for
defendants.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

GIBBONS, District Judge.

Plaintiff is the trustee for both the pension fund and the insurance fund that are the product of a collective bargaining agreement between United Furniture Workers Local 282 and Aeolian Pianos Corporation (Aeolian). Aeolian is a New York corporation which at one point operated a factory in Memphis, Tennessee, for the manufacture of pianos and piano parts; it has now ceased operation, and has filed for Chapter XI bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee.

Plaintiff alleges [1] that, prior to going out of business in April of 1985, Aeolian failed to make contributions to the two funds for the months of February and March, as mandated by the collective bargaining agreement, and that Aeolian withdrew from the pension fund by permanently laying off all of its employees in March of 1985. Plaintiff brought suit in this court under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, alleging violations of section 515, 29 U.S.C. § 1145 (delinquent contributions), and section 4201, 29 U.S.C. § 1381 (withdrawal liability).

However, instead of suing Aeolian, which is apparently insolvent, plaintiff sued Perez, Inc. and Peter Perez. Aeolian is a 100% subsidiary of Perez, Inc., of which Peter Perez is the sole shareholder. Plaintiff

---

**1.** Plaintiff's motion to amend his complaint is also pending before the court. The court grants the motion and has considered the amended complaint in ruling on this motion.

alleges that Peter Perez's exercise of control over both Perez, Inc., and Aeolian renders him an "employer" for purposes of ERISA, thus making him liable for the amounts allegedly owed the two funds.[2] Defendant Peter Perez has moved for summary judgment, claiming that he cannot be considered an employer for purposes of ERISA liability. For the reasons set forth below, the court grants his motion.

For purposes of Title I of ERISA, under which plaintiff's claim for delinquent contributions rests, an employer is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(9). There is some confusion, however, as to the definition of an employer for purposes of Title IV, under which plaintiff's claim for withdrawal liability falls. Title IV itself does not define "employer," and the Supreme Court has ruled that Title I definitions do not necessarily apply to Title IV. *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 370, 100 S.Ct. 1723, 1731, 64 L.Ed. 2d 354 (1980) (phrase "For purposes of this title" limits application of Title I definitions). Accordingly, several courts have held that the Title I statutory definition of "employer" does not apply to the withdrawal liability of an "employer" under Title IV. *Connors v. P & M Coal Co.*, 801 F.2d 1373, 1376 (D.C.Cir.1986); *Refined Sugars, Inc. v. Local 807 Labor–Management Pension Fund*, 632 F.Supp. 630, 632 (S.D.N.Y.1986); *In re Seatrain Lines, Inc.*, 46 B.R. 320, 322 n. 1 (S.D.N.Y.1985).

Moreover, courts have held that corporate directors, officers, and shareholders cannot be held liable either under Title I, *Solomon v. Klein*, 770 F.2d 352, 353–54 (3d Cir.1985) (definition of term "person" as used in definition of "employer" does not mention corporate officers), or under Title IV, *Connors v. P & M Coal Co.*, 801 F.2d at 1376 (corporate officers and shareholders not mentioned in Title I definition of person even if it were applicable). The same courts, however, would allow corporate officers and shareholders to be held liable under Title I and Title IV if sufficient facts are found to allow the corporate veil to be pierced. *Solomon*, 770 F.2d at 353–54 (veil will be pierced for Title I where corporation is mere alter ego of officers or large stockholders); *Combs v. Indyk*, 554 F.Supp. 573, 574 (W.D.Pa.1982) (same, Title I); *Connors*, 801 F.2d at 1378; (same, Title IV).

■ Thus, to the extent that plaintiff bases his theory of Peter Perez's liability on the statutory definition of ERISA, his claim must fail. As chairman and chief executive officer of Aeolian, and the sole shareholder of Perez, Inc., Peter Perez cannot be held personally liable under either Title I or Title IV.

As noted earlier, plaintiff also seeks to allege facts sufficient to pierce the corporate veil and hold Peter Perez personally liable along with Aeolian for any sums due the two funds.

Perez, Inc., was organized under Indiana law and the parties agree that Indiana law applies to determine whether the court should disregard its corporate identity. "Indiana courts are relectant to disregard corporate identity and do so only to protect innocent third parties from fraud or injustice when transacting business with a corporate entity." *Extra Energy Coal Co. v. Diamond Energy and Resources, Inc.*, 467 N.E.2d 439, 441–42 (Ind.App.1984). Accordingly, whether the theory be "mere instrumentality" or "alter ego," there must be some allegation of "fraud or wrong by the parent through its subsidiary." *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 160 (7th Cir.1963) (applying

---

**2.** Plaintiff bases his theory of recovery primarily on Peter Perez's liability as an employer under ERISA, but in the alternative alleges that (a) Perez, Inc., and Aeolian are a single employer with respect to the funds, and so are jointly liable for any sums owed. *See Pension Benefit Guarantee Corp. v. Ouimet Corp.*, 630 F.2d 4, 11–12 (1st Cir.1980), *cert. denied*, 450 U.S. 914, 101 S.Ct. 1356, 67 L.Ed.2d 339 (1981), and (b) the corporate veil should be pierced as to Perez, Inc., thus exposing Peter Perez to joint and several liability with Aeolian. This latter theory is discussed by the court at 660–62, *supra*.

Indiana law). *See also Burger Man, Inc. v. Jordan Paper Products, Inc.,* 170 Ind. App. 295, 352 N.E.2d 821, 834 (1976) (veil piercing limited to prevention of fraud and injustice).

Plaintiff through its allegations and evidence presented in opposition to defendant's motion contends that Peter Perez, as chairman and chief executive officer of Aeolian, was personally responsible for negotiating the collective bargaining agreements with Local 282. His actions and proposals on behalf of Aeolian were at times directed towards the pension and insurance funds, including the rescheduling of Aeolian's contribution obligation when it began to experience financial difficulty.

Further, plaintiff has presented evidence that Peter Perez was the sole shareholder of Perez, Inc., a shell corporation with no business, no employees, and the minimum capital required by Indiana law, whose sole purpose was to acquire a going concern such as Aeolian. Perez, Inc., purchased all of the outstanding stock of Aeolian for $3,000,000.00, which plaintiff alleges was paid for in the following manner:

| | |
|---|---|
| $1,250,000.00 | Aeolian's cash assets |
| 50,000.00 | Cash contributed to Perez, Inc., capital by Peter Perez |
| 200,000.00 | Loan personally guaranteed by Peter Perez |
| 1,500,000.00 | Notes secured by Aeolian's assets |
| $3,000,000.00 | Total |

**3.** Control is required under this theory to establish "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist." *In re Christian and Porter Aluminum Co.,* 584 F.2d 326, 338 (9th Cir.1978).

**4.** This theory requires "control ... to such a degree that the subsidiary has become a mere instrumentality (having no separate mind, will, or existence of its own)." *Steven v. Roscoe Turner,* 324 F.2d at 160.

In addition, plaintiff has presented evidence that Aeolian's working capital was the result of a $10,000,000.00 line of credit personally guaranteed by Peter Perez. Perez, Inc. never had any assets other than the Aeolian stock.

While the facts alleged by plaintiff and evidence submitted in opposition to the motion could create a genuine issue of material fact as to whether Peter Perez exercised the kind of disregard of the corporate form that is the prerequisite for application of both the "alter ego"[3] and the "mere instrumentality"[4] doctrines, plaintiff has failed to make any allegation that Peter Perez used the corporate form to commit some wrong or fraud.[5] The only wrong alleged by plaintiff is the failure of Aeolian to pay into the insurance and pension funds, and its withdrawal from the pension fund. This is simply not the type of fraud or injustice which would require that the corporate veil be pierced. As defendant Peter Perez points out, the corporate veil cannot be pierced to satisfy every disappointed creditor. If this were done, a central purpose of incorporation—protecting officers and shareholders from personal liability—would be frustrated. Absent any allegation of wrongdoing on the part of Mr. Perez, the court declines to disregard the corporate form in the present case.

Plaintiff has failed to allege a genuine issue of material fact as to any fraud or wrong on the part of Peter Perez. Accordingly, plaintiff cannot prevail on the equitable theory of piercing the corporate veil. Since the court has also rejected the possibility of any liability for Mr. Perez on

**5.** Defendant has failed to present any evidence in support of his motion, and the record on the motion consists solely of the pleadings and plaintiff's evidence. Thus, there is filed no evidence affirmatively stating that defendant committed no wrong or fraud. Since plaintiff does not allege such a fraud, however, defendant's failure to present evidence does not preclude determining this aspect of the motion on the pleadings and granting defendant's motion.

statutory grounds, defendant Peter Perez's motion for summary judgment is granted.

IT IS SO ORDERED.