LABORERS COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Joseph Laquatra and Albert W. Betler, trustees ad litem; Laborers' District Council of Western Pennsylvania Welfare and Pension Funds; The Construction Industry Advancement Program of Western Pennsylvania Fund; Laborers' District Council of Western Pennsylvania, and its affiliated unions; and Carpenters Combined Funds, Inc., by James R. Klein, Administrator, Plaintiffs,

v.

Jeffrey RUSCITTO and Anthony Ruscitto, Defendants.

Civ. A. No. 93–686.

United States District Court, W.D. Pennsylvania.

Feb. 7, 1994.

Jeffrey J. Leech, Tucker, Arensburg, Pittsburgh, PA, for plaintiffs.

Steven B. Silverman, Jeffrey J. Leech, Tucker, Arensburg, Pittsburgh, PA, for Carpenters Combined Funds, Inc. by James R. Klein, Adm'r.

Theresa L. Wasser, Sable, Makoroff & Gusky, Pittsburgh, PA, for defendants.

### MEMORANDUM OPINION

BLOCH, District Judge.

Presently before the Court are defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the reasons herein stated, defendants' motions will be denied.

 In ruling on a motion to dismiss, the applicable standard of review requires the Court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. *Blaw Knox Retirement Income Plan v. White Consolidated Industries, Inc.*, 998 F.2d 1185, 1188 (3d Cir.1993). The question before the Court is not whether the plaintiffs will ultimately prevail, but rather whether the plaintiffs can prove any set of facts in support of their claims that will entitle them to relief. *Hishon v. King and Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

 In their motions to dismiss, defendants make several arguments. First, they contend that plaintiffs have failed to state claims under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (ERISA), based upon a "piercing the corporate veil" theory and that, as a result, this Court lacks subject matter jurisdiction. Defendants further argue that because this Court lacks federal question jurisdiction, the Court cannot assert supplemental jurisdiction under 28 U.S.C. § 1367 over the related claims under the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S.A. § 260.1, *et seq.* (WPCL). Finally, they assert that if plaintiffs have stated claims under ERISA, then plaintiffs' state law claims under the WPCL are preempted.

In response, plaintiffs argue that their complaints sufficiently state "pierce the corporate veil" claims under ERISA against the defendants. They further contend that their WPCL claims are not preempted because they are based upon non-ERISA obligations that do not relate to an employee benefit plan. Finally, they assert that this Court has federal question jurisdiction under ERISA §§ 502 and 515, as well as supplemental jurisdiction over the WPCL claims.

In *Solomon v. Klein*, 770 F.2d 352, 352–53 (3d Cir.1985), the Court of Appeals for the Third Circuit held that the defendant, who held 50 percent of the corporation's stock, served as president and chief executive officer, and managed all of the corporation's business activities, was not personally liable under ERISA for unpaid contributions due to a retirement fund pursuant to a collective bargaining agreement between the corporation and the union. However, the Court of Appeals in *Solomon* expressly found that the case did *not* involve piercing the corporate veil or alter ego liability and noted that if the plaintiffs had proceeded "on an alter ego basis," its "inquiry would be different." *Id.* at 353.[1] *See also Connors v. Peles*, 724 F.Supp. 1538, 1558 n. 15 (W.D.Pa.1989) (stating that plaintiffs' "'alter ego' theory of piercing the corporate veil" was the only factual issue presented). Where an individual is alleged to be the alter ego of the corporation or where the plaintiffs are seeking to pierce the corporate veil, the Court explained that the following factors are relevant:

(1) "failure to observe corporate formalities,"

(2) "nonpayment of dividends,"

(3) "insolvency of the debtor corporation,"

---

1. In addition to the Third Circuit, six other courts of appeals have ruled that an individual is not liable for corporate ERISA obligations *solely* by virtue of his or her role as officer, shareholder or manager. *Sasso v. Cervoni*, 985 F.2d 49, 50–51 (2d Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 2964, 125 L.Ed.2d 664 (1993); *Rockney v. Blohorn*, 877 F.2d 637, 640–43 (8th Cir.1989); *Scarbrough v. Perez*, 870 F.2d 1079, 1083 (6th Cir.1989); *International Brotherhood of Painters v. George A. Kracher, Inc.*, 856 F.2d 1546, 1547–48 and 1550 (D.C.Cir.1988); *Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 25–26 (1st Cir.1988); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir.1984). However, each of these courts, like the Court of Appeals for the Third Circuit, was careful to note the absence of any "pierce the corporate veil" claim. *Sasso*, 985 F.2d at 51; *Rockney*, 877 F.2d at 643; *Scarbrough*, 870 F.2d at 1083–84; *Kracher*, 856 F.2d at 1550 n. 28; *Starrett*, 845 F.2d at 26–27; *Reed*, 726 F.2d at 515.

(4) "siphoning of funds of the corporation from the dominant stockholder,"

(5) "nonfunctioning of other officers or directors,"

(6) "absence of corporate records,"

(7) evidence that "the corporation is merely a facade for the operation of the dominant stockholders."

*Id.* (*citing United States v. Pisani,* 646 F.2d 83, 88 (3d Cir.1981), and *Dewitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681 (4th Cir.1976)). This list of factors is not exclusive. *American Bell, Inc. v. Federation of Telephone Workers of Pennsylvania,* 736 F.2d 879, 886 (3d Cir.1984); *Pisani,* 646 F.2d at 88.

In Count 1 of each of the complaints, plaintiffs clearly allege claims styled as "pierce the corporate veil." [2] Specifically, plaintiffs allege the following:

At all times material hereto, Jeffrey Ruscitto and Anthony Ruscitto, in the supervision and operation of Blackhawk Construction, Inc. have:

(a) failed to observe the required corporate formalities;

(b) kept inadequate corporate records for Blackhawk Industries, Inc.;

(c) siphoned funds from an insolvent Blackhawk Industries, Inc. in order to avoid the claims of creditors and enhance their personal affairs;

(d) created an undercapitalized Blackhawk Industries, Inc. to serve as a facade for the operations of the dominant principals, Jeffrey Ruscitto and Anthony Ruscitto; and

(e) used the corporate legal entity of Blackhawk Construction, Inc. in furtherance of wrongdoing, illegality and/or injustice.

(Complaints at ¶ 16).

■ Defendants' motions to dismiss are premised on their assumption that plaintiffs' claims based upon piercing the corporate veil of Blackhawk must be pled with particularity under Rule 9(b) rather than Rule 8(a) of the Federal Rules of Civil Procedure. Generally, however, pierce the corporate veil claims are evaluated applying the notice pleading standard of Rule 8(a), unless fraud is a necessary element of the claim.[3] *S.J. Berwin and Co. v. Evergreen Entertainment Group, Inc.,* No. 92–609, 1993 WL 498084, at *1–2 (S.D.N.Y. Nov. 30, 1993) (applying Rule 8(a) standard); *Wiebe v. Benefits Management Corp.,* No. 93–1005, 1993 WL 246096, at *1–2 (D.Ks. June 17, 1993) (applying Rule 8(a) standard); *FrancoSteel Corp. v. National Industries,* No. 90–20073, 1991 WL 166732, at *1–2 (N.D.Ill. March 16, 1991) (applying Rule 8(a) standard); *Citicorp International Trading v. Western Oil and Refining,* 771 F.Supp. 600, 608 (S.D.N.Y.1991) (applying Rule 8(a) standard); *River Road Development Corp. v. Carlson Corp.,* No. 89–7073, 1990 WL 6092, at *3–4 (E.D.Pa. Jan. 25, 1990) (applying Rule 8(a) standard); *Facet Financial Corp. v. Duncan,* No. 88–10845, 1989 WL 135207, at *2–3 (N.D.Ill. Oct. 26, 1989) (applying Rule 8(a) standard); *Allied Corp. v. Frola,* 701 F.Supp. 1084, 1087–89 (D.N.J.1988) (applying Rule 8(a) standard); *Laborers Pension Fund v. Bakke Construction Co.,* No. 87–963, 1987 WL 19818, at *2–3 (N.D.Ill. Nov. 10, 1987) (applying Rule 8(a) standard); *Suburban*

---

**2.** Based upon plaintiffs' complaints, it is clear that they are seeking to hold defendants personally liable for Blackhawk Construction, Inc.'s (Blackhawk) failure to make the contributions required under its labor agreements with the Carpenters' District Council of Western Pennsylvania and the Laborers' District Council of Western Pennsylvania. Defendants' argument that "plaintiffs have not alleged any facts to support any underlying cause of action against the Ruscittos personally" is unavailing. (Defendants' brief at 9). Plaintiffs have sufficiently alleged that Blackhawk was an alter ego or an instrumentality of the defendants, which they used to breach the terms of the underlying labor agreements and violate the provisions of ERISA.

**3.** Defendants offer no cases in support of their invocation of the particularity standard of Rule 9(b). Instead, they state summarily that the plaintiffs' allegations in ¶ 16 of their respective complaints "are not sufficient under the Rules of Civil Procedure to state a cause of action. There is not a specific factual allegation to support what amounts to assertions of fraud against the Ruscittos." (Defendants' brief at 6). Plaintiffs similarly fail to cite any case law addressing this issue, even though it supports their position. (Plaintiffs' brief at 7).

*Teamsters of Northern Illinois Welfare and Pension Funds v. Pontiac Furniture, Inc.,* No. 86–2651; 1986 WL 10349, at \*2–3 (N.D.Ill. Sept. 11, 1986) (applying Rule 8(a) standard). *Cf. Soviet Pan Am Travel Effort v. Travel Com.,* ·756 F.Supp. 126, 132 (S.D.N.Y.1991) (applying Rule 8(a) standard in part and Rule 9(b) standard in part). This general rule is consistent with the principle that Rule 9(b) should be "construed narrowly and not extended to other legal theories or defenses." 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1297, at 615 (1990). In the Third Circuit, plaintiffs are not required to establish fraud as a condition to asserting pierce the corporate veil claims. *Solomon,* 770 F.2d at 353. Therefore, the sufficiency of the plaintiffs' pierce the corporate veil claims in the instant case will be evaluated in light of the notice pleading standard set forth in Rule 8(a).

Under 8(a)(2), a pleading setting forth a claim must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* ·355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

Applying the notice pleading standard of Rule 8(a) and accepting the allegations contained in the complaints as true, this Court finds that the plaintiffs have stated claims under ERISA based upon a "pierce the corporate veil" theory. Therefore, defendants' motions to dismiss pursuant to Rule 12(b)(6) will be denied insofar as they relate to plaintiffs' "pierce the corporate veil" claims.[4]

■ In addition to arguing that plaintiffs have failed to state pierce the corporate veil claims, defendants assert that plaintiffs' claims under the WPCL are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a).[5] In support of their preemption argument, defendants rely upon *McMahon v. McDowell,* 794 F.2d 100 (3d Cir.), *cert. denied,* 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986). In *McMahon,* the Court of Appeals for the Third Circuit held that "plaintiffs' state law claims [under the WPCL] for fringe benefits and pension contributions are preempted by ERISA" because they related to an employee benefit plan. *Id.* at 108. In addition to unpaid pension plan contributions, the plaintiffs in *McMahon* were seeking fringe benefits defined as "those benefits, other than wages and pension benefits, payable to or on behalf of the hourly workers and/or the salaried workers ... but limited as follows: vacation, vacation bonus, savings and vacation benefits, severance benefits and supplemental unemployment benefits." *Id.* at 103–04. Plaintiffs, however, distinguish *McMahon* asserting that their claims under the WPCL for dues deductions, PAC deductions, and industry contributions do not relate to any employee benefit plan.

"A law 'relate[s] to' an employee benefit plan, in the normal sense of the phrase, if it

---

**4.** Having concluded that plaintiffs' have stated claims under ERISA, defendants' argument that this Court lacks subject matter jurisdiction is without merit. Defendants' jurisdictional argument is premised on dismissal of the corporate veil claims and a conclusion that the defendants are not obligated to make contributions under the collective bargaining agreements. Defendants, in effect, admit that this is the case when they state that "[i]t has been held repeatedly, and notably by the Third Circuit, that controlling persons of a corporation are not liable under § 515 of ERISA *unless the corporation is the controlling person's alter ego or that the corporate veil should be pierced.*" (Defendants' brief at 5) (citations omitted) (emphasis added). Because the Court has original jurisdiction based upon a

federal question and because the plaintiffs' WPCL claims form a part of the same case, this Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a). Therefore, defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) will be denied.

**5.** Section 514(a) provides as follows:

Except as otherwise provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

29 U.S.C. § 1144(a) (preemption clause).

has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983); *Pane v. RCA Corp.,* 868 F.2d 631, 635 (3d Cir.1989). The Court of Appeals for the Third Circuit has explained that "[a] rule of law relates to an ERISA plan if it is specifically designed to affect employee benefit plans, if it singles out such plans for special treatment, or if the rights or restrictions it creates are predicated on the existence of such a plan." *United Wire, Metal and Mach. Health and Welfare Fund v. Morristown Memorial Hospital,* 995 F.2d 1179, 1191 (3d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 382, 126 L.Ed.2d 332 (1993). State laws "have a 'connection' to an ERISA plan when the laws risk subjecting plan administrators to conflicting state regulations." *Travitz v. Northeast Department ILGWU Health and Welfare Fund,* 13 F.3d 704, 709 (3d Cir.1994).

In the instant case, defendants have failed to demonstrate that plaintiffs' WPCL claims for dues deductions, PAC deductions and industry contributions *relate to* an employee benefit plan. *McMahon* does hold, as defendants point out, that ERISA preempts WPCL claims that relate to employee benefit plans. However, *McMahon* does not hold that ERISA preempts all possible claims under the WPCL. Defendants fail to offer any analysis of the facts of the instant case in support of their preemption argument, other than that the plaintiffs' complaints assert WPCL claims in general. Notably, the plaintiffs are not required to establish the existence of an employee benefit plan in order to assert a claim under the WPCL; the WPCL merely requires that the employer pay any benefits due. *Tener v. Hoag,* 697 F.Supp. 196, 200 (W.D.Pa.1988). Without any affirmative indication that *these* specific claims relate to an employee benefit plan, this Court will not declare them preempted. Thus, because defendants have failed to demonstrate that plaintiffs' WPCL claims relate to an employee benefit plan, this Court will deny defendants' motions to dismiss plaintiffs' WPCL claims.