**Irwin SOLOMON, as Trustee of the ILGWU National Retirement Fund and as Trustee of the ILGWU Health Services Plan, Edgar Romney, as Trustee of the Health and Welfare Fund of Blouse, Skirt and Sportswear Workers' Union, Local 23–25, ILGWU, Plaintiffs,**

v.

**LARANNE SPORTSWEAR CORP. and Joseph Cicardo, Defendants.**

**No. 84 C 4661.**

United States District Court, E.D. New York.

Nov. 21, 1986.

Lewis, Greenwald, Kennedy & Lewis, P.C. (Ira Cure, of counsel), New York City, for plaintiffs.

Nachamie, Kirschner, Levine, Spizz & Goldberg, P.C. (Arthur Goldstein, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiffs, trustees of various employee benefit plans ("the Funds"), brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* to recover delinquent pension contributions allegedly owed to the Funds by defendant corporation Laranne Sportswear Corp. ("Laranne"), now insolvent and inactive, and by defendant Cicardo, its president and owner of at least 25% of its shares.

Cicardo moves for summary judgment under Federal Rule of Civil Procedure 56, claiming he is not personally liable for the contributions. Plaintiffs oppose the motion.

Laranne was a member of the Greater Blouse, Skirt and Undergarment Association, Inc. (the "Association"), which is a party on behalf of its members, including Laranne, to a collective bargaining agreement with certain unions. That agreement, signed by defendant Cicardo on behalf of Laranne, provided for a pension plan and required Laranne to contribute to the Funds on a regular basis. It did not make timely payments from January 1, 1983 through September 30, 1983. Cicardo agreed to a repayment schedule and signed a confession of judgment on behalf of Laranne and in his individual capacity. Thereafter he satisfied the judgment personally when he wished to clear title to his house.

Plaintiffs claim that Laranne subsequently defaulted on payments owed the Funds from October 1, 1983 through the present, and that Cicardo is liable for the payments.

Plaintiffs' contention is that every "employer" is responsible for pension payments and that Cicardo is an "employer" under ERISA's definitions contained in 29 U.S.C. § 1002. Subsection (5) of that section states in pertinent part, "[t]he term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." Subsection (9) defines "person" to include an "individual, partnership, joint venture, corporation" and other entities, organizations and associations.

Plaintiffs say that Cicardo is a "person," that he acted "indirectly in the interest of" Laranne "in relation to an employee benefit plan" and that therefore he is an "employer" required to make good on the pension benefits. They assert that he is a significant shareholder, made all major operational decisions for Laranne, had sole responsibility for paying the Funds and negotiated all repayment schedules. Plaintiffs say that this is enough to subject him to liability and that they need not show the corporation to have been merely the alter ego of Cicardo. The Court of Appeals for the Second Circuit has apparently not yet decided the issue.

If one were to read the ERISA definitions literally, Cicardo would be a "person," who as an officer acted, at least "indirectly," in the "interest" of the corporation in "relation" to the plan by executing it, directing payments under it, and negotiating repayment schedules. If every "employer" is obligated to make pension payments, this court would have to determine whether the quoted definitions apply here, and, if they do, whether they should be read literally.

Absent ERISA, plaintiffs' rights would be restricted to enforcement of the terms of the agreement and the plan negotiated between the Association and the unions and signed by Cicardo on behalf of Lar-

anne. The agreement and plan do not impose personal liability on any individual who signs it or acts in the interest of the corporate signatory. Therefore plaintiffs could reach Cicardo's assets only by piercing Laranne's corporate veil in accordance with relevant state law. However, plaintiffs urge that ERISA expanded their rights so as to entitle them to recover from Cicardo the delinquent payments.

The only pertinent provision in ERISA that addresses explicitly the identity of the persons obligated to make contributions in the circumstances present here is section 306(a), of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145, which recites "Every employer *who is obligated to make contributions* to a multiemployer plan *under the terms of the plan or under the terms of a collectively bargained agreement* shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." (Emphasis supplied). ERISA thus makes it a federal duty for an employer to fulfill its obligation "under the terms" of the plan or collective bargaining agreement to make contributions to a multiemployer plan such as that Laranne signed.

ERISA thus does not purport to impose a federal duty on every "employer" to make contributions. The act says that only an "employer" obligated, not under the act, but "under the terms" of the plan or agreement to make contributions "shall" do so. Cicardo was not so obligated unless he dealt with the corporation in such a way as to justify piercing the corporate veil under applicable state law. ERISA creates no independent substantive duty to make payments beyond that specified in the terms of the plan and the collective bargaining agreement.

The court therefore holds that Cicardo is not liable for delinquent contributions in the absence of facts allowing a disregard of the corporate form. Circuit courts in other circuits have reached the same result but for different reasons. *Connors v. P & M Coal Company*, 801 F.2d 1373 (D.C.Cir.

1986); *Solomon v. Klein*, 770 F.2d 352 (3d Cir.1985); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513 (9th Cir.1984).

There is no need to decide whether or not Cicardo meets the definition of "employer" so as to be subject to other obligations under ERISA. Nor need the court determine whether or not the definition applies to a multiemployer plan such as that presented here. *Cf. Connors v. P & M Coal Company, supra.*

There is nothing inconsistent with the court's holding and the decisions interpreting the Fair Labor Standards Act. That legislation requires every "employer" to pay the wages prescribed, 29 U.S.C. § 206, and defines the word "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee" and the word "person" to include an "individual." 29 U.S.C. § 203(a), (d). In those cases the obligation to make the requisite payments did not stem from the terms of an agreement between employer and employee but from the legislation itself. *See* 29 U.S.C. § 206; *see also Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir.1983); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194–95 (5th Cir. 1983), *cert. denied*, 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983).

There remains the question of whether Cicardo is obligated under the terms of the plan and collective bargaining agreement on the theory that Laranne is merely his alter ego. The Pension Benefit Guaranty Corporation, set up by Congress to administer multiemployer plans, has stated that this issue is to be decided in accordance with the governing state law. *See* PBGC Opinion Letters 82–038 (Dec. 14, 1982), *quoted in Connors, supra.*

Laranne was incorporated in New York, the Funds maintain their principal places of business in New York and all relevant transactions took place in New York. A New York court will pierce the corporate veil 1) to prevent fraud or illegality or 2) if the business was being used for personal rather than corporate purposes. *Walkovszky v. Carlton*, 18 N.Y.2d 414, 276

N.Y.S.2d 585, 223 N.E.2d 6 (1966); *Bartle v. Homeowners Cooperative Inc.*, 309 N.Y. 103 (1955). So that plaintiffs may have the opportunity to try and meet these criteria, the court permits plaintiffs further discovery as to the nature and scope of Cicardo's activities and shareholdings. The motion for summary judgment is therefore denied at this time. So ordered.