**Robert SASSO and Theodore King, as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension and Annuity Trust Funds, Plaintiffs–Appellees,**

v.

**Salvatore CERVONI, Defendant–Appellant.**

**Key Way Concrete Supply Corp., Defendant.**

**No. 640, Docket 91–7808.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 17, 1992.

Decided Jan. 25, 1993.

Robert M. Ziskin, Commack, submitted papers for defendant-appellant Cervoni and defendant Key Way Concrete Supply Corp.

Avram H. Schreiber, New York City, submitted papers for plaintiffs-appellees Sasso and King.

Before: FEINBERG, NEWMAN, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal requires decision as to the circumstances under which a corporate of-

ficer is personally liable for employee trust fund contributions that should have been made by his corporation as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1988). The issue arises on an appeal by Salvatore Cervoni, the sole officer, director, and shareholder of Key Way Concrete Supply Corp. ("Key Way"), from the August 9, 1991, judgment and the August 11, 1992, supplemental order of the District Court for the Eastern District of New York (Jacob Mishler, Judge), requiring Cervoni to pay the Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension and Annuity Trust Funds $462,904.94. Because we conclude that Cervoni has no personal liability for the ERISA obligation of his corporation, we reverse.

### Facts

There is no dispute that Key Way, now bankrupt, became obligated by the terms of a collective bargaining agreement and section 515 of ERISA, 29 U.S.C. § 1145 (1988), to make trust fund contributions. Nor is there any dispute that its delinquency was correctly determined to be $462,-904.94. Judge Mishler ruled, relying on our decision in *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383 (2d Cir.1989), that Cervoni was equally obligated with his corporation for ERISA payments. When the appeal was here initially, we remanded for further findings, *Sasso v. Key Way Concrete Supply Corp.*, 953 F.2d 636 (2d Cir. 1991) (table), which have now been made. The District Court determined that Key Way terminated its payment to the Trust Funds because it was unable to satisfy its accounts receivable and that Cervoni declined to supply his corporation with sufficient capital to satisfy its outstanding obligations.

### Discussion

Appellees contend that the issue is whether ERISA's definition of "employer," 29 U.S.C. § 1002(5) (1988), should be given the same broad interpretation that courts have given to the term as used in section 3(d) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(d) (1988).

Applying the FLSA's definition, courts have imposed liability for a corporation's minimum wage obligations upon a corporate officer who was personally responsible for making (or not making) the required payments. *See, e.g., Donovan v. Agnew,* 712 F.2d 1509, 1510–11 (1st Cir.1983). However, we agree with the First Circuit that the issue is not whether Cervoni falls within ERISA's definition of "employer" but whether he is an "employer who is obligated to make contributions to a multiemployer plan." 29 U.S.C. § 1145 (1988). *See Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.,* 845 F.2d 23, 24 (1st Cir.1988).

Four circuits have now ruled that an individual is not liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager. *See International Brotherhood of Painters v. George A. Kracher, Inc.,* 856 F.2d 1546, 1547–48, 1550 (D.C.Cir.1988); *Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.,* 845 F.2d at 25–26 (1st Cir.); *Solomon v. Klein,* 770 F.2d 352, 354 (3d Cir.1985); *Operating Engineers Pension Trust v. Reed,* 726 F.2d 513, 515 (9th Cir.1984). We agree with their interpretation of section 1145 for the reasons fully set forth by Judge Breyer in *Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.,* 845 F.2d at 25–26.

In prior decisions, however, we have recognized that special circumstances, beyond an individual's officer status or corporate duties, might warrant the imposition of personal liability for a corporation's ERISA obligations. Thus, in *Lowen v. Tower Asset Management, Inc.,* 829 F.2d 1209 (2d Cir.1987), we held individual corporate officers liable for ERISA obligations upon evidence that they had acted in concert with fiduciaries in breaching fiduciary obligations, *see id.* at 1220, had "intermix[ed]" assets of the corporation with assets of their own and of related corporations, and had used corporate assets for their personal benefit instead of for meeting ERISA obligations, *see id.* at 1221. *Lowen* relied both on the principle that a person "who

knowingly participate[s] in fiduciary breaches may be liable under ERISA to the same extent as the fiduciaries," *id.* at 1220, and on the disregard of corporate form, *id.* at 1220–21, as indicated by its reliance on *Alman v. Danin,* 801 F.2d 1 (1st Cir.1986), a decision the First Circuit regards as a veil-piercing case, *see Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.,* 845 F.2d at 27 (on rehearing).

In *Leddy v. Standard Drywall, Inc.,* while explicitly declining to decide whether to equate individual liability standards under FLSA and ERISA, *see* 875 F.2d at 387, we held a corporate officer liable for the ERISA obligations of his corporation where he had been convicted of engaging in a criminal conspiracy to defraud the funds owed contributions, *see id.* at 388.

■ We have recognized that an individual may in some circumstances be liable for knowingly participating in a fiduciary's breach of ERISA trust obligations, *see Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 280 (2d Cir.1992); *Lowen v. Tower Asset Management, Inc.,* 829 F.2d at 1220, but a corporate employer does not have a fiduciary obligation to make trust fund contributions, *see* 29 U.S.C. § 1002(21)(A) (defining "fiduciary"), and a corporate officer's role in a company's failure to make such contributions is not automatically participation in a breach of fiduciary duties. The company's failure, of course, may breach its contractual obligations and thereby violate ERISA requirements. In *Diduck* and *Lowen,* the individuals potentially or actually held liable for aiding fiduciary breaches were acting in concert with fiduciaries. *See also Dardaganis v. Grace Capital Inc.,* 889 F.2d 1237, 1242–43 (2d Cir.1989).

■ Though it remains for future decisions to demarcate the area of individual liability for corporate ERISA obligations, we are satisfied that nothing in the present record provides a basis for imposing personal liability upon Cervoni. He did not act in concert with a fiduciary to breach a fiduciary obligation, he did not commit fraud, and there is no claim and no basis in the record to support a claim that the corporate veil of Key West should be pierced on the theory that Cervoni *is* the corporation or its alter ego. His liability is sought to be established simply because of his dominant role in the affairs of a corporate employer. If individual liability for ERISA obligations is to be imposed on those in such a role, Congress must supply the remedy.

Accordingly, the judgment of the District Court is reversed.