NEWSPAPER AND MAIL DELIVER-
ERS' UNION OF NEW YORK AND VI-
CINITY, Robert Paletta and Barbara
Kalish, as Trustees of the Publishers'–
Newspaper and Mail Deliverers' Welfare
Fund and the Newspaper and Mail De-
liverers'–Publishers Pension Fund,
Plaintiffs,

v.

UNITED MAGAZINE COMPANY, Yankee
News Co., Inc., Ronald E. Scherer, Mag-
azine Distributors, Inc., MDI Distribu-
tors, Limited Partnership and Robert B.
Cohen, Defendants.

No. CV 92–0449 (ADS).

United States District Court,
E.D. New York.

April 10, 1993.

O'Connor & Mangan, P.C. by J. Warren Mangan, Long Island City, NY, for plaintiffs.

Townley & Updike by John D. Canoni, Christopher D'Angelo, New York City, for defendants United Magazine Co. and Ronald E. Scherer.

David A. Mortman, P.C. by Johan de Muinck Keizer, New York City, for defendants Magazine Distributors, Inc., MDI Distributors, Limited Partnership, and Robert B. Cohen.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

The Court issued a Memorandum Decision and Order dated November 27, 1992 that: (1) denied the motion to dismiss the complaint for lack of subject matter jurisdiction; (2) granted the motion to dismiss the first cause of action for failure to state a claim; (3) denied the motion to dismiss the second and third causes of action for failure to state claims; (4) denied the motion to dismiss the complaint for failure to join a party; and (5) denied the motion to dismiss the complaint based upon the pleadings. The defendants United Magazine Company ("United") and Ronald E. Scherer ("Scherer") move for reconsideration of this November 27, 1992 decision.

In addition, the parties make the following motions: (1) the plaintiffs move for entry of judgment on the first cause of action pursuant to Fed.R.Civ.P. 54(b); (2) the defendant Scherer moves to dismiss the second cause of action as against him pursuant to Fed. R.Civ.P. 12(c) for failure to state a claim upon which relief can be granted; and (3) the defendant Robert B. Cohen ("Cohen") moves to dismiss the second cause of action as against him pursuant to Fed.R.Civ.P. 12(c) for failure to state a claim upon which relief can be granted.

## BACKGROUND

The complaint originally alleged three causes of action. The first cause of action alleged a violation of the Workers Adjustment and Retraining Act of 1988. This cause of action was dismissed by the Court's decision dated November 27, 1992 based upon the defense of the statute of limitations. The second cause of action alleges that the defendants are liable to the plaintiffs for the contributions Imperial News Co., Inc. ("Imperial") failed to make to the Newspaper and Mail Deliverers' Union ("NMDU") Welfare and Pension Funds, asserting that the individual defendants are liable under an "alter ego" theory. The third cause of action alleges that the defendants are liable for the accrued and vested severance pay and other fringe benefits due to Imperial's employees.

The pertinent facts underlying the causes of action were set forth in the Court's Memorandum Decision and Order dated November 27, 1992 and need not be repeated in this decision.

## DISCUSSION

### 1) *Motion for Reconsideration/Reargument:*

*Standard for a Motion to Reargue:*

Motions for reargument are governed by a Local Civil Rule of the United States Courts for the Southern and Eastern Districts of New York, which states, that:

"A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion and shall be served at least the same number of days before the return day as was required for the original

motion. There shall be served with the notice of motion a *memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.* No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. *No affidavits shall be filed by any party unless directed by the Court* " (Local Civil Rule 3[j] [emphasis added]; *see also C.H. Sanders Co. v. BHAP Housing Dev. Fund Co.,* 750 F.Supp. 67, 76 [E.D.N.Y.1990])

■ The standard for granting a motion for reargument is strict "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court" (*Caleb & Co. v. E.I. DuPont De Nemours & Co.,* 624 F.Supp. 747, 748 [S.D.N.Y.1985]; *see also Park South Tenants Corp. v. 200 Central Park South Assocs.,* 754 F.Supp. 352, 354 [S.D.N.Y.], *aff'd,* 941 F.2d 112 [2d Cir. 1991]). Granting such a motion means that a court must find that it overlooked "matters of controlling decisions" which, if it had considered such issues, would have "altered the result reached by the Court" (*Schonberger v. Serchuk,* 742 F.Supp. 108, 119 [S.D.N.Y. 1990]; *see also Adams v. United States,* 686 F.Supp. 417, 418 [S.D.N.Y.1988]).

The defendants United and Scherer move to have the Court reconsider its November 27, 1992 decision and, upon reconsideration: (1) dismiss the second and third causes of action as to the defendant United since it did not sign the collective bargaining agreement at issue in the complaint, and (2) dismiss the third cause of action as to the defendant Scherer since he did not sign the collective bargaining agreement.

*Second Cause of Action:*

■ The second cause of action is based upon two statutory provisions of ERISA, 29 U.S.C. §§ 1132 & 1145 (*See* Complaint, at ¶ 1). Section 1145 states that

"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement" (29 U.S.C. § 1145).

In the Memorandum Decision and Order dated November 27, 1992, the Court found Magazine Distributors, Inc. ("MDI Corp.") to be a successor employer to Imperial (*See* Decision, at pp. 20–21). Therefore, MDI Corp. could be held responsible for contributions to these funds pursuant to 29 U.S.C. § 1145 since it was a successor employer (*See Forde v. Kee Lox Mfg. Co.,* 584 F.2d 4, 5 [2d Cir.1978]). In view of the fact that United was not an employer or successor employer, its liability under ERISA can only be based upon a breach of a fiduciary duty (*See* 29 U.S.C. § 1132).

The Second Circuit has recognized that "parties who knowingly participate in fiduciary breaches may be liable under ERISA to the same extent as the fiduciaries" (*Lowen v. Tower Asset Management, Inc.,* 829 F.2d 1209, 1220 [2d Cir.1987]). Recently, this rule was clarified in *Sasso v. Cervoni,* 985 F.2d 49 (2d Cir.1993), the Second Circuit stated, in relevant part, that although

"an individual is not liable for corporate ERISA obligations solely by virtue of his role as an officer, shareholder, or manager . . .

. . . we have recognized that special circumstances, beyond an individual's officer status or corporate duties, might warrant the imposition of personal liability for a corporation's ERISA obligations. Thus, in *Lowen* . . . we held individual corporate officers liable for ERISA obligations upon evidence that they had acted in concert with fiduciaries in breaching fiduciary obligations . . . and had 'intermix[ed]' assets of the corporation with assets of their own and of related corporations and had used corporate assets for their personal benefit instead of meeting ERISA obligations . . . *Lowen relied both on the principle that a person 'who knowingly participate[s] in fiduciary breaches may be liable under ERISA to the same extent as fiduciaries'* . . . *and on the disregard of corporate form* " (*Sasso, supra,* 985 F.2d at 51 [emphasis added]).

In addressing the facts in the present case, the complaint alleges that "United, through a series of stock exchanges and a name change,

became the sole shareholder of Imperial" (Complaint, at ¶ 25) and that the failure of Imperial to make contributions to the welfare and benefit fund was "known to ... the officers, agents and representatives of United" (Complaint, at ¶ 35). Although Imperial and its successor MDI Corp. had a contractual obligation to make payments under the ERISA plan, neither corporation is a "fiduciary" within the meaning of ERISA (*See* 29 U.S.C. § 1002[21]).

Since the complaint fails to allege that United breached a fiduciary duty or conspired with a fiduciary to breach a fiduciary duty, whether in its own capacity or as an alter ego, the complaint fails to state a claim against the defendant United. Therefore, upon reconsideration, the Court grant's the motion to dismiss the second cause of action as against the defendant United.

*Third Cause of Action:*

 The third cause of action is based upon the "liability of Imperial for the accrued and vested severance pay and other fringe benefits due, pursuant to the terms of the Labor Agreement" (Complaint, at ¶ 37) and is apparently asserting a claim pursuant to the Labor Management Relations Act. The applicable provision of this act states, in relevant part, that

> "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties" (29 U.S.C. § 185[a]).

A suit to recover for violations of this type of labor contract may be instituted by the employee or a labor union representing the employee (*See* 29 U.S.C. § 185[b]). In the present case, the action was commenced by the labor union. In addressing a claim under this provision of the Labor Management Relations Act, this Court has held that

> "[i]n order to state a § 185(a) claim against [a defendant], *the complaint must allege that [the defendant] was a signatory to the collective bargaining agreement;* the allegation that [the defendant] was the 'alter ego' of ... a signatory to the collective bargaining agreement, is insufficient as a matter of law" (*Cruz v. Robert Abbey, Inc.,*

778 F.Supp. 605, 610 [E.D.N.Y.1991] [emphasis added] [citations omitted]).

The complaint in the present case alleges that United and Scherer knew that Imperial was liable for the accrued and vested severance pay and other fringe benefits due, pursuant to the terms of the agreement (*See* Complaint, at ¶ 37). However, the complaint fails to allege that either United or Scherer were signatories of the agreement. In addition, the assertion that a party is an "alter ego" of a signatory is insufficient to incur liability under the Labor Management Relations Act (*See Cruz, supra,* 778 F.Supp. at p. 610).

Accordingly, upon reconsideration, the Court grants the motion to dismiss the third cause of action as against the defendants United and Scherer.

### 2) *Motion for Judgment on First Cause of Action:*

> Rule 54(b) states, in relevant part, that: "When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" (Fed.R.Civ.P. 54[b]).

According to the Second Circuit's interpretation of the above rule,

> "to have a final judgment under the rule, (1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment.
>
> Factors (1) and (2) address the issue of whether rule 54(b) applies at all to the circumstances of the case ... Thus, they are questions of law ... Factor (3), on the other hand, is addressed to the ultimate decision to direct the entry of judgment; given the permissive nature of rule 54(b) ... this decision *'is left to the sound judicial discretion of the district court' and 'is to be exercised "in the interest of sound judicial administration"'"* (*Ginett v.*

*Computer Task Group, Inc.*, 962 F.2d 1085, 1091–92 [2d Cir.1992] [citations omitted] ).

█ In the present situation, the Court finds that: (1) the complaint asserts multiple claims (WARN, ERISA, and the Labor Management Relations Act); (2) the dismissal of the first cause of action pursuant to Fed. R.Civ.P. 12(b)(6) based upon the statute of limitations was a final decision on this WARN cause of action within the meaning of 28 U.S.C. § 1291, and (3) since it does not appear that the issues relating to the appeal of the WARN statute of limitations will be duplicated in the potential appeal of the other causes of action in the case, in the exercise of the Court's discretion, the Court finds that there is no reason for delaying the appeal of the dismissal of the first cause of action.

The Court therefore grants the plaintiffs' motion for a judgment on the first cause of action and directs the clerk to enter judgment in accordance with the Memorandum Decision and Order dated November 27, 1992 dismissing the first cause of action.

### 3) Motions to Dismiss Second Cause of Action:

#### Standard for Rule 12(c) Motion:

The applicable standard of review on a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as that on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (*See Shaw v. Rolex Watch U.S.A., Inc.*, 745 F.Supp. 982, 984 [S.D.N.Y.1990] [*citing* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1367, at p. 518–19 (2d ed. 1990) ] ). "[T]he court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" (*Goldman v. Belden*, 754 F.2d 1059, 1065 [2d Cir.1985] [*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) ]; *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 250–51, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 [1989] [applying standard in context of civil RICO action] ).

In addition, such a motion is addressed solely to the face of a pleading, and "[t]he court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" (*Goldman, supra,* 754 F.2d at p. 1067). In assessing the sufficiency of a pleading on a motion to dismiss, it is well settled that the court must accept the allegations of the complaint as true (*see Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.*, 879 F.2d 10, 14 [2d Cir.1989], *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 [1990] ), and draw all reasonable inferences favorably to the plaintiff (*See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 [1974]; *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 [2d Cir.1988], *cert. denied sub nom. Soifer v. Bankers Trust Co.*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 [1989] ).

It is within this framework that the Court addresses the present motion for a judgment based upon the pleadings.

#### Defendants Scherer and Cohen:

█ The complaint alleges that the defendant Scherer "dominates and controls the decision making processes and directs the actions of United, Imperial and Yankee ('Scherer Controlled Entities')" (Complaint, at ¶ 8). As to the defendant Cohen, the Complaint alleges that he

"is a New Jersey resident who, during the period relevant to the allegations herein, was a principal officer and shareholder of MDI Corp.; he directly or indirectly financed the acquisition and capitalization of MDI Corp. as well as the capitalization of MDI Partnership; he dominated and controlled the decision-making processes within both MDI Corp. and MDI Partnership as well as the actions taken by or on behalf of MDI Corp. and/or MDI Partnership" (Complaint, at ¶ 11).

The second cause of action alleges, as to the defendants Scherer and Cohen, that:

"The liability of Imperial to make contributions to the Welfare and the Pension Fund ... was known to Scherer and Cohen ... for a substantial period of time before the closing of the Sale of Assets. The interests of justice and the vindication of the federal statutory policy as stated in ERISA, to minimize contribution losses and the resulting burden such losses im-

pose on the other contributing employers, participants and beneficiaries, necessitates that Scherer, as the *alter ego* of the Scherer Controlled Entities and Cohen, as the *alter ego* of MDI Corp. . . . be found jointly and severally liable to the Welfare fund and the Pension Fund for the contributions due, pursuant to the terms of the Labor Agreement" (Complaint, at ¶ 55).

In adhering to the Second Circuit's recent recognition that "an individual is not liable for corporate ERISA obligations solely by virtue of his role as an officer, shareholder, or manager", the Court would be required to dismiss the second cause of action against Scherer or Cohen unless the complaint alleges "special circumstances", such as acting in concert with a fiduciary in breaching a fiduciary duty (*See Sasso, supra,* 985 F.2d at 50).

The Court already determined that Imperial was the employer of the plaintiffs and MDI Corp. was the successor employer of the plaintiffs (*See* Memorandum Decision and Order, dated Nov. 27, 1992, at pp. 20–21). According to the applicable ERISA statute, an "employer" is liable for contributions under an ERISA plan (*See* 29 U.S.C. § 1145).

In construing all allegations contained within the complaint in favor of the plaintiffs, as the Court must do in the determination of a Rule 12(c) motion to dismiss, the Court finds that the complaint sufficiently alleges that Scherer is the "alter ego" of Imperial (*see* Complaint, at ¶¶ 8 & 35) and Cohen is the "alter ego" of MDI Corp. (*See* Complaint, at ¶¶ 11 & 35). Therefore, since these defendants are alleged to be the "alter egos" of the employers, they could be liable as "employers" pursuant to ERISA, when adhering to the legislative policy underlying the ERISA statute (*See Leddy v. Standard Drywall, Inc.,* 875 F.2d 383, 387–88 [2d Cir. 1989]; *Solomon v. Laranne Sportswear Corp.,* 648 F.Supp. 407, 409–10 [E.D.N.Y. 1986]).

Accordingly, in light of the foregoing sufficient allegation of an "alter ego" relationship, the motions by the defendants Scherer and Cohen to dismiss the second cause of action pursuant to Fed.R.Civ.P. 12(c) are denied.

## CONCLUSIONS

Based upon the forgoing, the Court makes the following determinations:

1) The motion by the defendants United and Scherer for reconsideration of the Court's Memorandum Decision and Order dated November 27, 1992 is granted; and upon reconsideration

2) The motion by the defendants United and Scherer to dismiss the second cause of action pursuant to Fed.R.Civ.P. 12(b)(6) as to the defendant United is granted;

3) The motion by the defendants United and Scherer to dismiss the third cause of action pursuant to Fed.R.Civ.P. 12(b)(6) as to the defendants United and Scherer is granted;

4) The motion by the plaintiffs for the entry of judgment on the first cause of action pursuant to Fed.R.Civ.P. 54(b) is granted;

5) The Clerk of the Court is directed to enter judgment on the first cause of action in favor of the defendants;

6) The motion by the defendant Scherer to dismiss the second cause of action pursuant to Fed.R.Civ.P. 12(c) as to the defendant Scherer is denied;

7) The motion by the defendant Cohen to dismiss the second cause of action pursuant to Fed.R.Civ.P. 12(c) as to the defendant Cohen is denied; and

8) The title of the action is amended to read as follows:

NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK and VICINITY, ROBERT PALETTA and BARBARA KALISH, as Trustees of the Publishers'–Newspaper and Mail Deliverers' Welfare Fund and the Newspaper and Mail Deliverers'–Publishers Pension Fund, Plaintiffs,

—against—

YANKEE NEWS CO., INC., MAGAZINE DISTRIBUTORS, INC., RONALD E. SCHERER, MDI DISTRIBUTORS, LIMITED PARTNERSHIP and ROBERT B. COHEN, Defendants.

SO ORDERED.