### UNITED STEELWORKERS OF AMERICA, AFL–CIO/CLC

v.

### CROWN CORK & SEAL CO., INC.

Civ. A. No. 92–5968.

United States District Court,. E.D. Pennsylvania.

Aug. 25, 1993.

David Goldman, Pittsburgh, PA, Joseph Lurie, Galfand, Berger, Lurie & March, Philadelphia, PA, for plaintiff.

Jerome A. Hoffman, Linda S. Dwoskin, Dechert, Price & Rhoads, Susannah R. Goodman, Philadelphia, PA, for defendant.

### MEMORANDUM

O'NEILL, District Judge.

On October 15, 1992, plaintiff United Steelworkers of America, AFL–CIO/CLC ("USW"), filed a complaint seeking declaratory and monetary relief from defendant Crown, Cork & Seal Co., Inc. ("CC & S"). Plaintiff "is the exclusive collective bargaining representative unit composed of certain" workers employed by defendant's company. *See* Complaint at ¶.3. Defendant is a national corporation with headquarters located in Philadelphia. It employed more than 100 employees at its plant in Perry, Georgia. *Id.* at ¶.4.

In its complaint, plaintiff alleges that defendant's termination of about approximately

85 employees at its Perry plant on or about September 30, 1991, violated the provisions of the Worker Adjustment and Retraining Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.* Essentially, plaintiff contends that defendant violated section 3(a) of the WARN Act by failing to notify the USW of its mass layoff plans at least 60 days before the layoff. *See* Complaint at ¶ .12.

Currently before the Court is defendant's motion for summary judgment. Defendant contends that plaintiff's cause of action is barred by the applicable statute of limitations. As demonstrated by counsels' presentations at oral argument on May 20, 1993, and subsequent correspondence regarding recent decisions on the WARN Act's statute of limitations, the question before the Court is topical. Because I agree with the reasoning of the Court of Appeals for the Second Circuit in *United Paperworkers v. Specialty Paperboard, Inc.*, 999 F.2d 51 (2d Cir.1993), I reject defendant's arguments and therefore deny its motion for summary judgment.

WARN requires companies with one hundred or more employees to provide workers with at least sixty-days' written notice before a mass layoff or plant closing.[1] A company that fails to provide such notice prior to a mass layoff or plant closing may be sued in federal court by employees who suffer an employment loss for backpay and benefits for each day of violation. *See United Paperworkers*, 999 F.2d at 52 (canvassing WARN statute).

WARN does not include an express statute of limitations. Defendant asserts that the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), is the appropriate limitations period. Plaintiff argues that this Court should apply a state limitations period.

Both parties agree that the starting point for this Court's inquiry is *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court held that the six-month period in section 10(b) of the NLRA applies when an employee sues both an employer for breach of a collective bargaining agreement and a union for breach of its duty of fair representation for mishandling the ensuing grievance or arbitration proceedings.

The Court set out the law governing the determination of a limitations period for a federal civil statute in the absence of an express period. Writing for the Court, Justice Brennan stated that "[i]n such situations ... [w]e have generally concluded that Congress intended that the Courts apply the most closely analogous statute of limitations under state law." *Id.* at 158, 103 S.Ct. at 2287.

However, as the Court noted, sometimes "state statutes of limitations can be unsatisfactory vehicles for enforcement of federal law." *Id.* at 161, 103 S.Ct. at 2289. In these situations, the Court borrows limitations periods from related federal statutes or employs an alternative such as laches. *Id.* at 162, 103 S.Ct. at 2289. It then reasoned that the six-month period in section 10(b) of the NLRA provided a better analogy than any state statute in formulating a limitations period for an employee's "hybrid § 301/fair representation claim." *Id.* at 165, 103 S.Ct. at 2291.

The Court concluded:

We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation

---

1. "While a termination immediately qualifies as an employment loss, 29 U.S.C. § 2101(a)(6)(A), a layoff must last more than six months to qualify.

29 U.S.C. § 2101(a)(6)(B)." *United Paperworkers v. Specialty Paperboard, Inc.*, 999 F.2d at 52.

make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*Id.* at 171–172, 103 S.Ct. at 2294.

The Court affirmed its commitment to the principles set out in *DelCostello* in *Reed v. Transportation Union,* 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989). In *Reed,* the Court was required to determine the proper limitations period for a union member's suit against the union and its officers under § 101(a)(2) of Title I of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") for violation of his free speech rights. The Court held that state general or residual personal injury statutes provided the proper limitations period.[2]

Although the Supreme Court revisited the question of how to determine the appropriate limitations time for a civil federal statute that lacks an express period after *Reed,* Justice Blackmun's reformulation of the judicial inquiry did not command a majority of the Court. *See Lampf, Pleva Lipkind, et al. v. Gilbertson,* —— U.S. ——, —— – ——, 111 S.Ct. 2773, 2778–2779, 115 L.Ed.2d 321 (distilling "hierarchical inquiry for ascertaining the appropriate limitations period") (1991).[3]

The Court of Appeals for the Third Circuit has conducted the inquiry required by *Del-Costello* in a number of cases. It has applied state and federal limitations periods in those cases. *Compare Service Employees International v. City Cleaning Co., Inc.,* 982 F.2d 89 (3d Cir.1992) (applying Pennsylvania law when deciding limitations period for union's suit to enforce a grievance committee's award under § 301 of the Federal Labor Management Relations Act of 1947) with *Haggerty v. USAir, Inc.,* 952 F.2d 781 (3d Cir.1992) (holding that claims under the Employee Protection Program of the Airline De-

regulation Act of 1978 are governed by § 10(b) of the NLRA).

As the parties have informed this Court, there are cases going both ways on the question of whether state law or § 10(b) of the NLRA provides the appropriate limitations period for a civil suit under WARN.

Cases holding that state law furnishes the correct period include *United Paperworkers v. Specialty Paperboard, Inc.,* 999 F.2d 51 (2d Cir.1993) (adopting Vermont statute of limitations for contract claims); *Frymire v. Ampex Corp.,* 821 F.Supp. 651 (D.Col.1993) (adopting Colorado statute of limitations for contract claims); *Wallace v. Detroit Coke Corp.,* 818 F.Supp. 192 (E.D.Mi.1993) (adopting Michigan statute of limitations for contract claims); *Automobile Mechanics' Local No. 701 v. Santa Fe Terminal Services, Inc.,* 830 F.Supp. 432 (N.D.Ill.1993) (declining to use § 10(b) of the NLRA but not specifying state statute from which to borrow).

Cases holding that section 10(b) of the NLRA provides the proper limitations period include *News. Deliverers v. United Magazine Co.,* 809 F.Supp. 185 (E.D.N.Y.1992), *Order granting motion for entry of judgment granted,* 829 F.Supp. 561 (E.D.N.Y.1993); *Staudt v. Glastron, Inc.,* 1993 WL 85356 1993 U.S.Dist. LEXIS 3090 (W.D.Tex. February 22, 1993); *Thomas v. North Star Steel Co., Inc.,* No. 4:CV–92–1507, 1993 WL 370834 (M.D.Pa. May 25, 1993).

Without recounting the discussion of the Court of Appeals for the Second Circuit in *United Paperworkers,* I follow the reasoning of the Court in that case and conclude that Pennsylvania law provides the appropriate limitations period for civil suits under the WARN Act. Neither party cites a possible analogous state statute that is shorter than two years. Because plaintiff filed its complaint less than two years before defendant's alleged termination of employees at its Perry

---

**2.** The Court concluded: "Because § 101(a)(2) of the LMRDA is modeled on the First Amendment to our Constitution, there is an analogy between § 101(a)(2) claims, § 1983 claims, and state personal injury actions.... The well-established rule that statutes of limitation for federal causes of action not supplied with their own limitations periods will be borrowed from state law thus requires that state general or residual personal injury statutes be applied to § 101(a)(2) suits."

*Reed v. Transportation Union,* 488 U.S. at 334, 109 S.Ct. at 630.

**3.** Justice Scalia did not join this part of Justice Blackmun's opinion. *See Lampf, Pleva Lipkind, et al. v. Gilbertson,* —— U.S. at ——, 111 S.Ct. at 2783 (Scalia, J., concurring in part and concurring in the judgment).

plant, the Court does not have to determine the particular Pennsylvania statute from which to borrow. *See, e.g., Automobile Mechanics' Local No. 701,* 830 F.Supp. at 436–37.