E. Michael BLACKBURN, Trustee, John Holcomb, Trustee, Mario J. Bertolini, Trustee, Robert Canning, Trustee, Thomas Cody, Trustee, Michael Coyne, Trustee, Andrew E. Esposito, Trustee, and Vincent Noce, Trustee, Plaintiffs,

v.

Jeffrey J. IVERSEN and Debra K. Iversen, Defendants.

No. 3: 95 CV 2026.

United States District Court, D. Connecticut.

May 6, 1996.

---

Gerald A. Heffernan, Heffernan & Heffernan, West Haven, CT, Lawrence H. Lissitzyn, Reid & Riege, P.C., Hartford, CT, for Plaintiffs.

L. Douglas Shrader, Law Offices of L. Douglas Shrader, Westport, CT, for Defendants.

### Opinion

GOETTEL, District Judge:

In this action, Plaintiffs, Trustees of Iron Workers' Local 15 and 424 Pension, Extended Benefit, Annuity and Apprentice Training Funds (the "Funds"), seek to recover from Defendants as officers and directors of Jet Erectors, Inc., contributions that Jet Erectors allegedly failed to make to the Funds on behalf of its former employees. Suit was originally filed in Connecticut state court and asserted only a claim under Connecticut General Statutes § 31–89a(b). Defendants removed the action to federal district court pursuant to 28 U.S.C. § 1441(b), on the ground that Plaintiff's claim arose under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), and, therefore, the federal district court had jurisdiction pursuant to 29 U.S.C. § 1132(e). Plaintiffs then amended

---

**1.** Plaintiffs have previously obtained a judgment against Jet Erectors, Inc., for the unpaid contributions. Apparently, this judgment is uncollectible.

their complaint to allege jurisdiction under ERISA and to assert two counts against Defendants. Defendants now move for summary judgment (Document # 15) as to both counts of Plaintiffs' Amended Complaint.

### BACKGROUND

Plaintiffs have brought this action as Trustees of various multiemployer funds. Jet Erectors, Inc., was a party to the Collective Bargaining Agreement that required employer contributions to the Funds for each hour worked by each employee covered thereunder. Since April 1, 1991, Jet Erectors has allegedly failed to make the required contributions on behalf of its employees, which Plaintiffs now seek to recover on behalf of the Funds from the Defendants, who were officers and directors of Jet Erectors.[1]

Plaintiffs attempt to hold Defendants personally liable for the delinquent contributions to the Funds on two theories: (1) by invoking Connecticut General Statutes § 31–89a(b), which imposes liability on officers and directors of a corporation that fails to make timely contributions to an employee welfare fund; and (2) by seeking to collect its judgment against the corporation from the officers and directors on an *alter ego* theory.

Defendants respond that they are entitled to summary judgment as to each of these counts on the grounds that ERISA preempts the Connecticut General Statutes § 31–89a(b), as well as Plaintiffs' state-law *alter ego* claim. Additionally, they assert that there is no genuine issue of material fact as to Plaintiffs' *alter ego* allegations.

### DISCUSSION

#### COUNT ONE

The one aspect of this case as to which the parties are in agreement is that the Funds are governed by ERISA. Indeed, Plaintiffs' Amended Complaint invokes this Court's jurisdiction under ERISA.[2] Thus, we need not

---

**2.** Unlike the situation in *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995), where there was no federal jurisdiction over the trustees' state-law claims against a surety, in this case, we have jurisdiction because the

dwell on what would normally be our threshold inquiry in a case involving an ERISA preemption issue—that being whether the plan in question is, in fact, a plan governed by ERISA.

ERISA provides a comprehensive statutory scheme "designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990). It contains a broad preemption provision, as well as a civil enforcement scheme that is one of the essential tools for accomplishing the stated purposes of ERISA. *Id.*

■ ERISA's preemption provision, section 514(a), specifically provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan"[3] covered by the statute. 29 U.S.C.A. § 1144(a) (emphasis added). This preemption section indicates Congress's intent to establish regulation of employee welfare benefit plans "as exclusively a federal concern," *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981), both with respect to the substantive and enforcement provisions of the statute. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insur. Co.,* —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). The Supreme Court has held that ERISA's preemption provision displaces all state laws that "fall within its sphere, even state laws that are consistent with ERISA's substantive requirements." *Metropolitan*

*Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985).

■ In this case, Defendants argue that ERISA preempts Connecticut General Statutes § 31–89a(b) and, therefore, Plaintiffs cannot assert this as a basis for holding Defendants personally liable for the corporation's delinquent contributions. Connecticut General Statutes § 31–89a(b) provides in relevant part that "the officers and directors of any corporation which fails to pay such contributions [contributions to an employee welfare fund] when due … shall be personally liable in a civil action for payment of the amounts due such fund, as well as costs and reasonable attorney's fees."

■ In *Sforza v. Kenco Constructional Contracting, Inc.,* 674 F.Supp. 1493 (D.Conn. 1986), Judge Nevas held that this state statute was preempted by ERISA. In that case there was no dispute that the state statute "relate[d] to" an employee benefit plan, *id.* at 1494; instead, the defendants attempted to invoke the exception to the preemption statute for "generally applicable criminal laws."[4] Judge Nevas held that the exception did not apply. Of more significance to the instant case, however, is his finding that the statute at issue purported to regulate the "terms and conditions" of an employee benefit plan by prescribing those individuals who can be held liable for contributions, regardless of whether they are liable to make contributions pursuant to the terms and conditions of a plan or

preempted claim falls within the scope of ERISA's civil enforcement provisions. *Id.* at 576, n. 4; *see also Shannon v. Shannon*, 965 F.2d 542, 545–46 (7th Cir.), *cert. denied,* 506 U.S. 1028, 113 S.Ct. 677, 121 L.Ed.2d 599 (1992). "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) removable to federal court." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987). The Second Circuit's decision in *Lupo v. Human Affairs International, Inc.,* 28 F.3d 269, 272 (2d Cir.1994), seems to limit the holding of *Metropolitan Life* to actions brought under 29 U.S.C. § 1132(a)(1)(B), that is those actions by a participant or beneficiary to recover benefits due under

the terms of a plan or to enforce or clarify rights under a plan. *But see Bleiler v. Cristwood Const., Inc.,* 72 F.3d 13 (2d Cir.1995). However, we need not address the issue raised by *Lupo* in light of the Plaintiffs' amending their complaint to assert jurisdiction under ERISA.

3. An "employee benefit plan" is defined as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

4. 29 U.S.C. § 1144(b)(4) provides that the preemption provision shall not apply to "any generally applicable criminal law of a State...."

a collective bargaining agreement between the employer and union. *Id.* at 1494, n. 4.[5]

Plaintiffs in this case do not rely on the criminal statute exception to preemption, but instead maintain that the Connecticut statute does not "relate to" an employee benefit plan, citing *Shaw v. Delta AirLines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insur. Co.*, *supra*, and *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir.1995). We disagree.

The Connecticut statute by its very terms applies to "employee welfare funds," many of which would fall under ERISA. The Supreme Court in *Shaw, supra*, held that "relates to" must be construed in its "normal sense"—that is, a state law claim is preempted "if it has a connection with or reference to such a plan." 463 U.S. at 97, 103 S.Ct. at 2900. *See also District of Columbia v. Greater Washington Board of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992); *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 829, 838, n. 12, 108 S.Ct. 2182, 2190, n. 12, 100 L.Ed.2d 836 (1988) (reaffirming that state laws that make reference to ERISA plans are laws that "relate to" those plans within the meaning of section 514(a)).

Not only does the Connecticut statute at issue expressly reference employee welfare funds, but it clearly has a connection with such plans, since it creates substantive rights and imposes liability upon parties who might otherwise not be liable. *See Sforza, supra*, 674 F.Supp. at 1494, n. 4. In *Ingersoll–Rand, supra*, the Supreme Court held that state statutes that provide alternative enforcement mechanisms relating to ERISA

plans are preempted by ERISA. In *Mackey v. Lanier Collection Agency & Serv., supra*, the Supreme Court held that a Georgia garnishment statute that excepted employee welfare benefit plans from garnishment was preempted by ERISA. *See also Carpenters Health & Welfare Trust Fund for California v. Tri Capital Corp.*, 25 F.3d 849, 852–54 (9th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994) (holding California's "stop notice claim" statute which provided an independent mechanism to collect sums owed to construction workers was preempted by ERISA); *Trustees of Electrical Workers Health & Welfare Trust v. Marjo Corporation*, 988 F.2d 865 (9th Cir.1992) (holding that ERISA preempted Nevada statute making general contractor liable for subcontractors' benefit plan contributions); *Bricklayers & Allied Craftsmen International Union Local 33 Benefits Funds v. America's Marble Source, Inc.*, 950 F.2d 114 (3d Cir.1991) (holding that New Jersey statute creating a new mechanism for collecting delinquent contributions by employers to benefit funds from subcontractors "related to" ERISA plans. It affected one of the main components of the plans—funding—therefore, requiring preemption); *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13 (1st Cir.1991), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992) (holding a Massachusetts mechanic's lien statute that specifically referred to employee benefit plans preempted by ERISA); *Sturgis v. Herman Miller, Inc.*, 943 F.2d 1127 (9th Cir.1991) (holding that a California statute that granted employee trust a mechanic's lien to collect unpaid contributions due for employee fringe benefits was preempted by ERISA).

---

**5.** In *Lucchessi v. A.D. Walker & Co, Inc.*, No. 92 0124257, 1993 WL 394408 (Conn.Super. Sept. 24, 1993), the Connecticut Superior Court held that Connecticut General Statutes § 31–89a(b) was preempted by ERISA but then held that ERISA's civil enforcement provisions, set forth in 29 U.S.C. § 1132(g) governing actions involving delinquent contributions, did not preclude the state-law remedy afforded by Connecticut General Statutes § 31–89a(b). In so holding, the court cited Judge Nevas' decision in *Sforza, supra*, but seemed to sidestep it on the ground that it was concerned with the preemption exception relating to criminal statutes. The court overlooked

footnote 4 of *Sforza*, discussed above, that found the Connecticut statute to regulate the terms and conditions of employee benefit plans, therefore rendering the statute subject to preemption. Once preempted, the statute cannot be the basis for liable. The Connecticut court is correct that 29 U.S.C. § 1132(g)(2)(C)(ii) allows a district court to look to state law in determining the amount of liquidated damages to be awarded in an action for delinquent contributions, but we do not read this provision as superseding the preemption provision and allowing a district court to invoke substantive state remedies not provided for by ERISA.

The parties in this case have admitted that these are ERISA plans. This clearly is not a law that has only a "tenuous, remote, or peripheral connection" to an ERISA plan. *See District of Columbia v. Greater Washington Board of Trade, supra,* 506 U.S. at 130, n. 1, 113 S.Ct. at 583, n. 1. The very conduct that Plaintiffs, as fiduciaries, allege as the basis for their claim, is conduct that is actionable under ERISA. Section 515 of ERISA, 29 U.S.C. § 1145, governs delinquent contributions. Plaintiffs as fiduciaries have the power under section 502(a)(3), 29 U.S.C. § 1132(a)(3),[6] to enforce the employer's statutory duty to make these contributions, and the federal courts have exclusive jurisdiction over such actions, pursuant to section 502(e)(1) and (f).[7] *Bleiler v. Cristwood Constr. Inc.,* 72 F.3d 13 (2d Cir.1995); *Pension Trust Fund for Operating Engineers v. Triple A Machine Shop, Inc.,* 942 F.2d 1457 (9th Cir.1991); *Livolsi v. Ram Construction Co.,* 728 F.2d 600 (3d Cir.1984).

*Greenblatt, supra,* cited by Plaintiffs, is distinguishable. In that case, the Second Circuit held that a New York surety law, which made no reference to employee benefit plans, which did not interfere with the uniform administration of employee benefit plans, and which did not conflict with any enforcement mechanism specified in ERISA, was not preempted by ERISA. 68 F.3d at 574. The Trustees were simply asserting a claim on a surety bond, which the court characterized as a " 'run-of-the-mill state law claim[ ],' similar to tort or non-plan-related contract actions to which ERISA plans may be a party." *Id.* (citations omitted). This was a law of "general applicability," similar in nature to the Georgia general garnishment

statute upheld in *Mackey, supra.* Moreover, as noted by the Second Circuit in a later opinion, *Bleiler v. Cristwood Const., Inc.*[8], *supra,* 72 F.3d at 15, n. 1, the complaint in *Greenblatt* failed to invoke ERISA, unlike the amended complaint in *Bleiler* and in the instant case. Additionally, the instant case, in Count One, seeks to enforce an obligation that is expressly governed by ERISA, as discussed above.

Thus, we have no difficulty in holding that Connecticut General Statute § 31–89a(b) is preempted by ERISA. Accordingly, we grant Defendants' Motion for Summary Judgment as a matter of law as to Count One of Plaintiffs' Amended Complaint.

## COUNT TWO

■ In Count Two, Plaintiffs seek to recover from Defendants on an *alter ego* theory. Defendants assert that this cause of action is also preempted by ERISA. We disagree.

■ The Second Circuit has joined the majority of the other circuits in holding that an individual is not liable for corporate ERISA obligations solely by virtue of his role as a shareholder, officer, or manager. *Sasso v. Cervoni,* 985 F.2d 49, 50 (2d Cir.), *cert. denied,* 508 U.S. 973, 113 S.Ct. 2964, 125 L.Ed.2d 664 (1993); *Plumbers' Pension Fund, Local 130 v. Niedrich,* 891 F.2d 1297, 1301 (7th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2169, 109 L.Ed.2d 499 (1990); *Rockney v. Blohorn,* 877 F.2d 637 (8th Cir. 1989); *Scarbrough v. Perez,* 870 F.2d 1079, 1083–84 (6th Cir.1989); *International Brotherhood of Painters v. George A. Kracher,*

6. 29 U.S.C. § 1132(a)(3) provides that "[a] civil action may be brought ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

7. 29 U.S.C. § 1132(g)(2) provides the remedies available in an action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145, in which a judgment in favor of the plan is awarded, which include not only the unpaid contributions, interest, liquidated damages in an amount not in excess of twenty percent (or such higher

percentage as may be permitted under Federal or State law), reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate.

8. In *Bleiler,* the Second Circuit held that Connecticut General Statutes § 49–42, "Enforcement of right to payment on bond. Suit on bond, procedure and judgment," was not preempted by ERISA, relying on its earlier decision in *Greenblatt.* Section 49–42, unlike 31–89a(b), makes no reference to employee benefit plans. It is a statute of general applicability, similar to the statute in *Greenblatt.*

*Inc.*, 856 F.2d 1546, 1547–48, 1550 (D.C.Cir. 1988); *Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 25–26 (1st Cir.1988); *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir.1985); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir.1984). However, this Circuit, as has the majority of other circuits, has also recognized that an individual officer or director may be held personally liable for the corporation's delinquent contributions under appropriate circumstances, for example, if "piercing the corporate veil" or *"alter ego"* liability can be proven; or if the individual defendant commits fraud, acts in concert with a fiduciary to breach a fiduciary obligation; or if the individual officer or director personally assumes the obligations of the company under the collective bargaining agreement, thereby qualifying individually as an "employer" under ERISA. *See, e.g., Cement & Concrete Workers District Council Welfare Fund v. Lollo*, 35 F.3d 29 (2d Cir. 1994) (citing with approval cases holding corporate officers personally liable where they have committed fraud or acted in concert to breach a fiduciary obligation or where the director was the corporation's *alter ego*, although holding that absent such allegations corporate officers cannot be liable for employer contributions unless they are already personally obligated contractually to make pension contributions); *Vaughn v. Sexton*, 975 F.2d 498, 504 (8th Cir.1992), *cert. denied*, 507 U.S. 915, 113 S.Ct. 1268, 122 L.Ed.2d 664 (1993) (holding individual trustee liable for withdrawals made by Trust under *alter ego* theory); *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383 (2d Cir.1989) (holding corporate officer liable for ERISA obligations where he had been convicted of criminal conspiracy to defraud the funds); *Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209 (2d Cir.1987) (holding corporate officers liable for ERISA obligations upon evidence that they had acted in concert with fiduciaries in breaching fiduciary obligations and had disregarded the corporate form); *Alman v. Danin*, 801 F.2d 1 (1st Cir.1986) (holding incorporators liable for judgment against corporation for unpaid contributions where evidence supported district court's holding that the corporate form should be disregarded); *Textile Workers Pension Fund v. Oltremare*, 764 F.Supp. 287 (S.D.N.Y.1989) (holding controlling persons liable for unpaid contributions if evidence established that corporate form should be disregarded); *Laborers Combined Funds of Western Pennsylvania v. Ruscitto*, 848 F.Supp. 598, 599, n. 1 (W.D.Pa.1994) (allowing ERISA claim against individual defendants on piercing the corporate veil theory); *Newspaper & Mail Deliverers' Union of New York & Vicinity v. United Magazine Co.*, 829 F.Supp. 561 (E.D.N.Y.1993) (holding that complaint which alleged that individual defendants were alter egos of corporate employer properly alleged a claim under ERISA); *Solomon v. Laranne Sportswear Corp.*, 648 F.Supp. 407 (E.D.N.Y.1986) (holding corporate officer not liable for delinquent pension contributions under ERISA unless he dealt with the corporation in such a way as to justify piercing the corporate veil); *Solomon v. R.E.K. Dress, Inc.*, 670 F.Supp. 96, 99 (S.D.N.Y.1987) (holding that President and sole shareholder could be liable for corporation's failure to make contributions to plan if circumstances of case warranted piercing the corporate veil); *McGuinness v. Marvin Hammerman, Inc.* 91 CIV 4061 (KMW), 1994 WL 172403 (S.D.N.Y. May 4, 1994) (denying individual defendants' motion for summary judgment on ground that plaintiffs had alleged a disregard of the corporate form); *cf. Sasso v. Cervoni*, 985 F.2d 49 (2d Cir.1993), *cert. denied*, 508 U.S. 973, 113 S.Ct. 2964, 125 L.Ed.2d 664 (1993) (refusing to hold officer liable for ERISA contributions where there was no evidence of record to support a claim that the corporate veil should be pierced or that the officer was the *alter ego* ).

Thus, we hold that ERISA does not preempt Plaintiffs' claims based on an *alter ego* theory. The only other possible ground for granting Defendants' Motion for Summary Judgment on this count would be if we could hold that there exist no genuine issues of material fact as to whether Defendants were the *alter ego* of Jet Erectors, Inc. This we cannot do on the record before us. Therefore, we refuse to grant Defendants' summary judgment on this basis.

## *CONCLUSION*

Accordingly, we grant Defendants' Motion for Summary Judgment as to Count One of Plaintiffs' Amended Complaint and deny Defendants' Motion for Summary Judgment on Count Two of the Amended Complaint.

**SO ORDERED.**